## THE CITY OF BATON ROUGE.[1]

*(Circuit Court, E. D. Louisiana. December, 1883.)*

JURISDICTION—ADMIRALTY.

An unexecuted contract of affreightment gives no lien in admiralty.
*The Pacific*, 1 Blatchf. 569, distinguished

Admiralty Appeal.
*Henry C. Miller* and *Walter S. Finney*, for libelant.
*Charles B. Singleton* and *Richard H. Browne*, for claimants.

PARDEE, J. Libel *in rem* to recover damages for the breach of a contract made between libelant and the master of the steam-boat City of Baton Rouge, to convey certain molasses from libelant's plantation, in the parish of Iberville, to St. Louis, "it being agreed that said molasses would be taken on board for conveyance to St. Louis on or about January 25, 1883, the said steam-boat being on her down

[1] Reported by Joseph P. Hornor, Esq , of the New Orleans bar.

trip from St. Louis when said contract was made, and it being intended by said contract that said molasses would be taken on board said steam-boat on her return and up trip to St. Louis." The breach alleged is "but neither on said appointed day nor at any time did the said master call for, take on board, or convey said molasses as he had agreed to, but in all respects he failed to keep and carry into effect said contract." The case has been heard on an exception to the jurisdiction, and the question is whether an unexecuted contract of affreightment gives a lien. This question is well settled in the negative. *The Freeman* v. *Buckingham,* 18 How. 188; *Vandewater* v. *Mills,* 19 How. 82; and see *The Lady Franklin,* 8 Wall. 329; *The Keokuk,* 9 Wall. 517; *The Prince Leopold,* 9 FED. REP. 333.

The learned proctor who brings the libel in this case relies entirely, to maintain the jurisdiction, on *The Pacific,* 1 Blatchf. 569. In regard to that case, it should be noticed that the maritime contract for passage had been so far entered upon that the passage money had been paid, and one demand of the libel was for the return of the money. It is very probable that in just such a case jurisdiction would be maintained now. In our case no freight has been paid, no goods delivered, nor the maritime contract in any sense entered upon by the ship. The whole case is that the master contracted for the ship that on the return trip the molasses should be shipped. There is no case that I am aware of that gives a maritime lien for entire breach of such a contract.

The exception will be maintained, and the libel dismissed, with costs in both courts.