## THE ALERT.

### BERGH et al. v. CEBALLOS.

(Circuit Court of Appeals, Second Circuit. April 19, 1894.)

#### No. 101.

1. SHIPPING—LOSS OF CARGO—LIABILITY OF SHIP AND CHARTERER.

    A ship chartered so that the charterer is deemed to be the special owner is nevertheless not freed from liability on his contracts of affreightment; and a decree for loss by negligence may be made directly against the ship, and need not provide that collection shall first be made from the charterer, and only the deficiency, if any, from the ship. The Freeman v. Buckingham, 18 How. 182, followed.

2. SAME—FINAL DECREE—APPEAL—PRACTICE.

    A ship was libeled for loss of freight shipped under contract with her charterer. The owners filed a petition, alleging that the charterer was alone responsible for the loss. The charterer answered both the libel and petition, and, after hearing, the court entered a decree for the full amount against the ship, but, as the question of responsibility as between owners and charterer had not been cleared up by the evidence, retained the cause as between them for further proceedings. *Held*, that the decree was final and appealable as between libelants and the ship, and the appellate court could properly affirm the same, and allow the remainder of the cause to proceed in the district court as there determined.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by Juan M. Ceballos against the steamship Alert, of which Olaf Bergh and others were claimants, to recover for loss of cargo. At the time of the loss the ship was in possession of the New York & Yucatan Steamship Company as charterer; and on the petition of the claimants, alleging that the charterer alone was liable for the loss, that company was made a defendant, and required to

answer both the petition and libel. 40 Fed. 836. This was done, and subsequently a final decree was entered against the ship for the amount of the loss, but, as the evidence had failed to clear up the issues as between the claimants and charterer, that part of the cause was retained for further proceedings (44 Fed. 685), and thereupon the claimants appealed to this court.

John A. Deady, for appellants.

J. Langdon Ward, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. On September 5, 1889, Juan M. Ceballos filed a libel in the district court for the southern district of New York against the Norwegian steamship Alert, in which he alleged that on July 16, 1889, he shipped on board said vessel in the port of New York, and bound to Progresso, in Mexico, a steam tugboat, to be carried to the latter port for an agreed freight, which was paid, and bills of lading therefor were received from the agent of the steamship; that, it was carried to Progresso, but, owing to the negligent manner in which it was handled, and the carelessness of the master and mariners, it was dropped overboard, and lost in deep water. The libel prayed for the payment of damages. On November 2, 1889, the owners of the Alert filed their answer, in which they denied the nondelivery of the tugboat, or any carelessness on the part of the vessel or its mariners, and further alleged that the steamship had been at the time of the shipment of the tug chartered to the New York & Yucatan Steamship Company, and was then in its possession, as the libelant knew; that the master was informed that the tug was to be carried and delivered without risk or responsibility on the part of the steamship; and that her master and crew had nothing to do with the handling of the tug during her discharge. On November 14, 1889, the claimants filed a petition in the district court, alleging that the steam tug was shipped on board the steamship at the risk of the charterers, and without liability on the part of the steamship, and praying that the charterers be required to answer the libel and the petition. The petition having been granted, the charterer filed its answer to the libel and the petition, in which it denied its individual liability. The case having proceeded to trial, the district court entered an interlocutory decree for the recovery by the libelant from the steamer of his damages, and a reference to a commissioner to ascertain their amount, reserving for further consideration all questions between the claimants and the charterer. The reason for this interlocutory decree was clearly stated by Judge Brown as follows:

"The evidence taken in the cause, while it leaves no doubt that the libelant is entitled to a decree against the Alert, is, notwithstanding, insufficient to clear up the matters in dispute as between the steamer and the steamship company, who, as charterers, were brought into the cause upon the steamer's petition, and may possibly be bound to respond for any judgment recovered by the libelant. After so long a delay, for the purpose of securing all attainable evidence as between the defendants, the libelant's right to a decree, as it now appears from the testimony, should not be longer postponed; and a decree may therefore be entered in his behalf as against the Alert, which is

no doubt responsible to him, and an order of reference taken to compute his damages. The decree will be made without prejudice to the rights of the co-defendants as between themselves, or to any further decree that may be taken upon additional testimony as to the liability of the steamship company to bear the whole or a part of the same damages, or to indemnify the steamer in respect thereto. Instead of dismissing the steamship company, the case, as between the two defendants, should, I think, be continued as between them, rather than send them to a new action; not merely in order to preserve the testimony already taken, but that the company may also be bound by the adjudication in regard to the amount of damages in case the company should ultimately be held answerable therefor, it being not improbable that controversy may arise as to the rule of damages as well as to the amount."

Upon the commissioner's report a final decree was entered for the recovery by the libelant from the claimants of $4,659.85 damages and costs. From this decree the claimants have appealed. No exceptions were taken to the amount of damages, and no attempt was made upon the appeal to show that the steam tug was not lost through negligence, or that the contract of affreightment was complied with, or that there was any agreement with the shipper by which the ship was to be freed from responsibility to him for the safety of the tug. The three points which the appellants did make were: First. That the court did not decide the whole case, and determine the rights of all the parties thereto, and that, therefore, the cause should be remitted to the district court for the purpose of a complete adjudication as to the rights of the codefendants as between themselves. Second. That the charterers, being deemed to be owners, were alone responsible. Third. That, if there was a liability on the part of the ship, the decree should have provided that the libelant collect of the charterers in the first instance, and that the deficiency, if any, should be collected from the ship.

Reliance was principally placed upon the first point. An attempt was made to support the second and third points, and to assert that a chartered vessel was not liable upon contracts of affreightment made by a special owner, but, in view of the law upon the subject as stated by Mr. Justice Curtis in The Freeman v. Buckingham, 18 How. 182, that branch of the case requires no further comment. The facts which have already been stated are a sufficient answer to the appellant's first position. The decree was a final one, as between the libelant and the claimants. It directed the payment of a specified sum of money to the libelant by the claimants, and ordered its immediate execution. Forgay v. Conrad, 6 How. 201; Thomson v. Dear, 7 Wall. 342. The retention of the libel in the district court for the purpose of an ascertainment of the right of the claimants to an indemnity from the codefendant does not prevent the decree which was made from being a finality, and presented no adequate reason for delaying its execution. The fact that the claimants have brought the charterer into the case, so that the questions between them, as to the amount of the damages which each may ultimately bear, can be adjudicated in one suit, does not call upon this court to remit a final decree as between the parties thereto to the district court for further delay.

The decree of the district court is affirmed, with costs of this court.