THE ALLERTON.

COLUMBIA & WILLAMETTE RIVER OPPOSITION STEVEDORE CO. v. R. W. LEYLAND & CO.

(District Court, D. Oregon. March 15, 1899.)

Nos. 4,401, 4,402.

1. ADMIRALTY JURISDICTION—CONTRACT FOR STEVEDORES' SERVICES.
   A contract for stevedores' services is maritime.

2. MARITIME LIENS—BREACH OF CONTRACT FOR STEVEDORES' SERVICES.
   An action in rem will not lie for breach of a contract for stevedores' services, to be rendered generally for the term of one year to the owners of the vessel sought to be attached, where no services were rendered such vessel, to give the libelant the right to a lien thereon.

These are two libels by the Columbia & Willamette River Opposition Stevedore Company for breach of contract,—one against R. W. Leyland & Co., and the other against the ship Allerton and the same respondents.

George E. Chamberlain, for libelant.
James Gleason, for claimant of the Allerton and defendant.

BELLINGER, District Judge. There are two of these cases. One is a libel in personam, as well as in rem, for damages for a breach of a contract for stevedores' services. The other is a libel in personam for a breach of the same contract. The contract was entered into on February 17, 1898, between Leyland & Co. and the libelants for such stevedoring services as might be required by the ships owned by Leyland & Co. at Portland and Astoria during the continuance of the contract, which was for one year. The ships Allerton and Otterspool, owned by said company, arrived at Portland in September and December, respectively, in ballast, for wheat cargoes; and although the libelants were ready and willing to perform the services required of them by their contract in unloading and loading these vessels, and offered so to do, yet said Leyland & Co. refused to permit them to perform such services. Whereupon they bring their libels in this court, and pray that warrants may

issue for the arrest of said vessels, and for an attachment of the property of said owners.

Held:

1. The contract for stevedores' services is maritime.

2. No services having been rendered either of the vessels in question, and the contract for services being without reference to either of these vessels, no maritime lien exists upon either of them, and actions in rem will not lie. The remedy of libelants is by actions in personam against the owners. The libelants having no right to proceed in rem, the question of joinder of such a proceeding with an action in personam is immaterial. The exception in the case of the Allerton as to such joinder, and to so much of the libel in that case as constitutes a proceeding in rem, is allowed. The remaining exceptions are overruled.