## THE FRANCESCO.

### THE F. W. MUNN.

#### (District Court, E. D. Pennsylvania. May 20, 1902.)

MARITIME LIENS—BREACH OF TOWAGE CONTRACT.

A tug, then in Philadelphia, contracted to proceed to New York, and tow the bark Francesco from that port to Philadelphia. The tug started to New York with another tow, but abandoned it to go to the rescue of a capsized schooner, and returned with that to Philadelphia. *Held*, that it had not entered upon performance of the towage contract with the Francesco, which was wholly executory, and hence that a suit in rem against it could not be maintained for breach of such contract.

In Admiralty. Suit in rem for breach of towage contract.

Henry R. Edmunds, for the Francesco.

John F. Lewis and Francis C. Adler, for the F. W. Munn.

J. B. McPHERSON, District Judge. This action is brought to recover damages for the breach of a contract of towage. The facts are as follows: The Italian bark Francesco was lying in New York, intending to proceed to Philadelphia for a cargo. Her agent in Philadelphia made a contract with the owner of the tug F. W. Munn that he would send that vessel to New York and tow the bark to this port. Another Italian ship, the Catarina Bianchi, was lying at the Delaware Breakwater, bound for New York, and the owner of the tug agreed to tow this ship to New York, thus securing a tow both ways. Not long after leaving the breakwater a capsized schooner was discovered, whereupon the tug abandoned the Bianchi, and towed the schooner to Philadelphia. As a result of this conduct, the Francesco was delayed several days before another tug could be procured, and the present action is brought to recover damages on account of this detention.

The jurisdiction of the court to entertain the libel is questioned, and I feel bound to sustain the objection. The action is in rem, and the courts have several times decided that this form of proceeding does not lie for the breach of an executory contract of towage: The Prince Leopold (C. C.) 9 Fed. 333; The William Fletcher, 8 Ben. 537, Fed. Cas. No. 17,692. See, also, 5 Rose, Notes to U. S. Reports, 559, annotating The Freeman v. Buckingham, 18 How. 182, 15 L. Ed. 341, and the annotations in the same volume, p. 660, to Vandewater v. Mills, 19 How. 82, 15 L. Ed. 554. The respondent does not deny the applicability of these decisions, if the contract of towage had not been entered upon; but the argument is made that, because the tug had started for New York in order to tow the Francesco to Philadelphia, the execution of the contract had been begun, and the agreement was therefore no longer executory, but was partially executed. I am unable, however, to agree to the correctness of this position. It was necessary that the tug should proceed to New York in order that it might take hold of the Francesco, and the fact that the parties may have expressly agreed that the tug should proceed to that port and tow the bark thence to Philadelphia imposed no more obliga-

tion upon the tug than if nothing had been said about proceeding to New York. The voyage thither would have been necessary, whether anything was said about it or not. What both parties had in mind was simply that the tug should furnish the motive power to bring the bark to the port of Philadelphia, and (except perhaps under unusual circumstances) the execution of such a contract would not be begun until the tug should be actually attached to the tow. Moreover, in the case now before the court, the tug was executing a contract of towage with the Bianchi, when it abandoned both contracts and took hold of the schooner. I think it would be an unwarranted refinement to hold that these two separate, independent contracts were being executed at the same time.

The libel must be dismissed, at the libelant's costs.