### THE FRANCESCO.

### THE F. W. MUNN.

#### (District Court, E. D. Pennsylvania.　October 21, 1902.)

#### No. 36.

1. ADMIRALTY—JURISDICTION TO AWARD COSTS—DISMISSAL OF LIBEL IN REM.
　　Where a court of admiralty has jurisdiction of the subject-matter and the parties in a suit in rem, the fact that it dismisses the libel on the ground that no maritime lien arose under the facts shown does not affect its power to award costs against the libelant.

In Admiralty.　Motion concerning costs.

Henry R. Edmunds, for libelant.
Horace L. Cheyney, for respondent.

J. B. McPHERSON, District Judge.　The libelant objects to the entry of a decree awarding costs against the bark, on the ground that the court was declared to be without jurisdiction, and is therefore without power to enter a decree for costs: Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451; Pentlarge v. Kirby (C. C.) 20 Fed. 898.　The objection, however, is, I think, founded upon a mistaken view of the situation.　It is true that the court declared itself (116 Fed. 83) to be without "jurisdiction," but the jurisdiction spoken of was "to entertain the libel in question,"—that is, a libel in rem,— and was not jurisdiction either of the subject-matter or of the parties. The subject-matter was a maritime contract, the breach of an executory contract of towage, and the parties were within the territorial bounds of this district.　The point decided simply was that the particular form of action could not be sustained, as the next sentence of the opinion goes on to say, and I can only regret that my somewhat careless use of the word "jurisdiction" may have misled the libelant's counsel: The Monte A. (D. C.) 12 Fed. 336.

The respondent is entitled to costs, and a decree to that effect may be entered.

¶ 1. See Admiralty, vol. 1, Cent. Dig. § 807.