## THE PLEROMA. .

(District Court, S. D. Alabama, S. D. November 20, 1909.)

### No. 1,242.

ADMIRALTY (§ 28*) — CONTRACTS NOT FOR BENEFIT OF VESSEL — CONTRACT BY MASTER FOR SALE OF MERCHANDISE.

A suit in rem will not lie against a vessel for breach of a contract made by the master for the sale and delivery of merchandise, which was not for the benefit of the vessel nor in aid of her navigation.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 279; Dec. Dig. § 28.*]

In Admiralty. Suit by Skeffington Bros. against the schooner Pleroma. On exceptions to libel. Exceptions sustained.

McMillan & Grayson, for libelants.
Pillans, Hanaw & Pillans, for claimant.

TOULMIN, District Judge. There are contracts which are maritime, and are recognized as within the jurisdiction of the admiralty courts, which cannot be made the basis of a proceeding in rem against the vessel. The authorities say the reason of this is that such contracts are really for the benefit of the owner of the vessel alone. They do not in any way benefit the vessel as a vessel. They do not render her more competent to perform her voyage, or aid her to fulfill the purpose of her creation. Hughes on Admiralty, p. 48. For instance, an insurance contract may be maritime, yet a claim for unpaid premiums can only be asserted against the party taking out the insurance, and cannot be made the basis of a proceeding in rem against the vessel insured. There are other maritime contracts, the breach of which cannot be made the basis of a proceeding in rem, such as breaches of charter parties, of towage contracts, and the like, where the vessel making the contract did not enter upon or perform any service under the contract.

It is said that the admiralty lien is entirely different from the common-law lien. Its holder has no right of possession in the ship. It exists as a demand against the ship itself as a contracting or wrongdoing thing, irrespective of the fact whether the creditor has any personal action against the owner or not. It is not a mere incident to a debt against the owner or master, but a right of action against the thing itself—a right to proceed in rem against the vessel by name, in which the owner may be ignored, may never appear, and, if he appears, he does so, not as defendant, but as claimant. It is more like an "hypothecation"—a privilege to take and sell by judicial proceedings in order to satisfy your demand.

The lien of a materialman for supplies, repairs, and other necessaries is an instance of implied hypothecation. A materialman is one who repairs or equips ships, or furnishes them with tackle and necessary provisions. The materialman who furnishes necessaries to a vessel in a foreign port on the order of her master is presumed to credit the vessel, even though nothing is said on the subject, and he can therefore proceed against the vessel. For supplies furnished a foreign vessel on the order of the master in the absence of the owner the law implies a lien.

The master in a proper case may bind his vessel for necessaries. The test of his power is the needs of his vessel. When the necessity is shown for the supplies or repairs, the rest is presumed—that is, that the vessel was used as a basis of credit, and the law implies a lien. "Necessaries" mean whatever is fit and proper for the service on which a vessel is engaged.

I undertsand the libel in this case to be a suit for breach of contract of sale of a lot of cocoanuts, made by the master of said schooner to the libelants, to be delivered at Savannah, Ga., at a given price. They were not delivered.

On the foregoing principles, my opinion is that the exceptions to the libel are well taken, and the same are therefore sustained, and the libel dismissed.