## THE STRATHNAIRN.

### THE HERM.

(District Court, W. D. Washington, N. D. April 8, 1911.)

Nos. 4,482, 4,487.

1. MARITIME LIENS (§ 27*)—BREACH OF EXECUTORY CONTRACT.
   There is no maritime lien for the damages arising from the breach of a contract, although maritime in its nature, which remains wholly executory.

   [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 41–45; Dec. Dig. § 27.*]

2. ADMIRALTY (§ 13*)—JURISDICTION—BREACH OF CONTRACT.
   A contract for the rendition of stevedoring services is maritime, and, if executed in whole or in part, a court of admiralty may take jurisdiction of claims arising thereunder by a suit in personam or in rem, but,

so long as it remains purely executory, the admiralty jurisdiction is in personam only.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 164–176; Dec. Dig. § 13.*

Admiralty jurisdiction as to matters of contract, see notes to The Richard Winslow, 18 C. C. A. 347; Bontin v. Rudd, 27 C. C. A. 530.]

In Admiralty. Suits by the Washington Stevedore Company against the steamship Strathnairn, Rothschild & Company, agents, claimants, and by the McCabe Company against the steamship Herm, Rothschilds & Company, agents, claimants. On exceptions to libels. Exceptions sustained.

George H. Walker, for libelant in case No. 4,482.

George H. Walker and Richard Saxe Jones, for libelant in case No. 4,487.

John Trumbull, for claimants.

DONWORTH, District Judge. These two libels are in rem, and are substantially identical in their allegations. Like exceptions to the libel in each case have been filed, and the two cases have been argued together and submitted on the same briefs. For convenience I will specifically refer only to the libel and exceptions in the case of the Strathnairn, as the differences in detail between the two cases do not call for any statement.

The first three exceptions go to the point that the facts alleged in the libel fail to show any maritime or other lien against the steamship or any other cause of action against her. The decision which must be rendered on this point will make it unnecessary to consider the other exceptions.

According to the allegations of the libel, at San Francisco on November 22, 1910, the owner of the respondent steamship, a British corporation, "by its duly authorized agents and time charterers, the Java Asiatic Company, entered into an agreement with the libelant as stevedore, providing for the loading by the libelant of said vessel on Puget Sound, at the rate of 85 cents per thousand, board measure, and at the rate of $1.10 per thousand, board measure, if the said vessel should be found to have more than 200,000 feet of long lumber, which sums of money the said Java Asiatic Company did in and by the terms of said agreement promise to pay the libelant." It is further alleged that on the arrival of the vessel at Bellingham, Wash., on or about December 26, 1910, the libelant tendered itself ready to perform and carry out the agreement, and was then and there ready to load the vessel according to the agreement, and then and there had on hand a force of men sufficient for that purpose, employed, instructed, and ready to load the vessel. Written notice of such readiness to perform was duly served upon the master of the vessel, but, notwithstanding libelant's readiness to perform, "the said master and the said Java Asiatic Company did then and there refuse to allow or permit the libelant or its men or any of them to board the vessel or to proceed with the work of loading the same." Damages are

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claimed in the sum of $59.24 for incidental expenses incurred in procuring the agreement, $540 for loss of profits and $5,000 for loss in reputation and prestige.

[1] It will be noted that the libelant never in fact rendered any stevedoring service to the steamship, and that the contract remains wholly executory. The authorities are almost unanimous in holding that there is no maritime lien for the damages arising from the breach of a contract, though it be of a maritime nature, where there has been no performance in whole or in part. That such is the rule in the case of unexecuted contracts for the transportation of goods was decided by the Supreme Court in the two cases of Schooner Freeman v. Buckingham, 18 How. 182, 15 L. Ed. 341, and Vandewater v. Mills (The Yankee Blade) 19 How. 82, 15 L. Ed. 554. The same application of the rule has been made by the lower federal courts in the cases of The Ira Chaffee (D. C.) 2 Fed. 401; The Guiding Star (D. C.) 53 Fed. 936; The Habil (D. C.) 100 Fed. 120; The Ripon City, 102 Fed. 176, 42 C. C. A. 247; The Pleroma (D. C.) 175 Fed. 639. To the same effect is the decision of the Circuit Court of Appeals of this circuit in Guffey v. Alaska & Pacific S. S. Co., 130 Fed. 271, 64 C. C. A. 517. The decision of Judge Brown (later Mr. Justice Brown of the Supreme Court) in The Ira Chaffee (D. C.) 2 Fed. 401, is especially full, clear, and convincing. After a careful analysis of the principal cases, it is said:

"From this review of the cases it will be seen that, with the exception of the dictum in the case of The Williams, there is no authority for saying that a court of admiralty has jurisdiction in rem for the breach of a purely executory contract. There is reason as well as authority for the proposition. If the owner of a cargo has a privilege upon the vessel for a breach of his contract, the vessel would be entitled equally to a lien on the cargo for a refusal of the owner to put it on board, and it might be seized upon the dock or anywhere else for the satisfaction of such lien. If the jurisdiction is sustained in this class of cases, it ought also to include cases of contract to repair the vessel or supply her with stores, in which the materialman would be entitled to a lien, though nothing had been done under the contract. I find it impossible to say with Judge Emmons, in the case of The Williams, that the dicta in The Freeman and The Yankee Blade are 'now expressly overruled.' While the point has not been directly adjudicated in the court of last resort, I find no intimation in any of the later cases of a disposition on the part of that tribunal to recede from the doctrine there announced."

In the case of The Eugene (D. C.) 83 Fed. 222, Judge Hanford made an interesting and instructive summary of the cases in which the Supreme Court had referred to this question, and held that there was no lien for damages sustained by a passenger whose contract of passage remained wholly unexecuted; he never having boarded the ship. This decision was affirmed on this point by the Circuit Court of Appeals, 87 Fed. 1001, 31 C. C. A. 345. Contracts of towage and pilotage which have not been executed in whole or in part are subject to the same principle. The Prince Leopold (C. C.) 9 Fed. 333; The Seven Sons (D. C.) 69 Fed. 271; The Francesco (D. C.) 116 Fed. 83. The rule appears to be expressly recognized in the statute recently enacted by Congress in relation to maritime liens (Act June 23, 1910, c. 373, 36 Stat. 604), which gives a maritime lien en-

forceable by proceedings in rem to "any person furnishing repairs, supplies or other necessaries to a vessel, whether foreign or domestic," and supersedes all state statutes purporting to create such liens.

The only case cited by counsel for libelants which holds that performance of a contract in whole or in part is not required for the creation of a maritime lien is The Williams, 29 Fed. Cas. 1342. That case, however, in so far as it asserts such a principle, has been so frequently disapproved, and is so much opposed to the later and more authoritative cases, that it must be regarded as outside of the current of authority. No performance in whole or in part is necessary in order to confer admiralty jurisdiction over suits in personam for breaches of maritime contracts. Boutin v. Rudd, 82 Fed. 685. The jurisdiction in rem, however, fails as to unexecuted contracts because no maritime lien has attached.

[2] Though there are early decisions to the contrary, there can now be no doubt that contracts for the rendition of stevedoring services are maritime contracts. If executed in whole or in part, courts of admiralty may take jurisdiction of claims arising thereunder either by suits in personam or suits in rem. But, as long as they remain purely executory, the admiralty jurisdiction is in personam only. The Allerton (D. C.) 93 Fed. 219.

It follows that the first three exceptions must be sustained in each case, and it is so ordered.