### THE RANCAGUA.

(Circuit Court of Appeals, Fifth Circuit. March 24, 1919.)

#### No. 3274.

MARITIME LIENS ☜25—EXECUTORY CONTRACT—SERVICES.

Act June 23, 1910, § 1 (Comp. St. § 7783), giving maritime liens to persons furnishing certain services to vessels, does not authorize a libel in rem against a vessel for breaching an entirely executory contract to remove her cargo.

Appeal from the District Court of the United States for the Canal Zone; Wm. H. Jackson, Judge.

Libel by the Cristobal-Colon Stevedoring Company against the steamship Rancagua and others. From a decree dismissing the libel, the libelant appeals. Affirmed.

Chauncey P. Fairman, of Cristobal, C. Z., and Henry P. Dart, Jr., of New Orleans, La., for appellant.

Stevens Ganson and Theodore C. Hinckley, both of Panama, R. P., for appellees.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing a libel in admiralty against the steamship Rancagua and its cargo. The libel alleged that the master of the vessel, in his own be-

half and as the agent for the charterers, entered into a contract with the libelant, by the terms of which contract the master agreed to pay to the libelant a stated amount per ton for discharging the vessel's cargo of about 8,000 tons of nitrates; that the libelant was ready and willing to perform the contract, but, without fault on its part, was prevented from doing so; and that the master of the vessel, without just cause or complaint, informed the libelant that he had made other arrangements for the discharge of the cargo, and that the libelant's services were no longer needed. What was sought to be recovered was the amount of loss and damage alleged to have been sustained by the libelant in consequence of the alleged breach of the contract mentioned. On the order of the court the vessel was released on the deposit with the clerk of the court of the sum of $1,500 as a bond. The master of the vessel made the deposit with money in his possession belonging to the owner of the vessel, the republic of Chile. The libel was excepted to by the master on the ground that the vessel belonged to the republic of Chile and was not subject to the jurisdiction of the court on the claim asserted.

The libel was not maintainable, whether it was or was not subject to the exception mentioned. The averments of it do not show that the alleged contract was executed in whole or in part. The libel was one in rem, brought against the vessel and its cargo, without any process or prayer for relief against any person as defendant. So long as a contract remains wholly executory, the vessel and cargo are subjected to no lien which can be enforced by a libel in rem. The Keokuk, 9 Wall. 517, 19 L. Ed. 744; Vandewater v. Mills, Claimant, etc., 19 How. 82, 15 L. Ed. 554; Schooner Freeman v. Buckingham, 18 How. 182, 15 L. Ed. 341; The City of Baton Rouge (C. C.) 19 Fed. 461; The Strathnairn (D. C.) 190 Fed. 673; 1 Corpus Juris, 1268. Though the contract was for the libelant's services as a stevedore and was maritime in its nature, performance under it was required to confer a lien enforceable by proceedings in rem against the vessel and cargo, if their ownership was such that they so could be subjected to a lien. Contracting to render such necessary services was not the furnishing of them which, under the statute of June 23, 1910 (36 Stat. 604, c. 373, § 1 [Comp. St. § 7783]), gives the furnisher a maritime lien on the vessel.

The decree dismissing the libel was proper, whether the ground relied on to support that action was or was not a tenable one.

Affirmed.