**PEREZ et al. v. CIA TROPICAL EX-
PORTADORA, LTDA., OF
COSTA RICA.
THE AVELINA.
No. 13056.**

United States Court of Appeals
Fifth Circuit.

June 23, 1950.

William F. Parker, Miami, Fla., for appellant.

Walter Humkey, Miami, Fla., Cody Fowler, Miami, Fla., for appellee.

Before HOLMES, WALLER and BORAH, Circuit Judges.

WALLER, Circuit Judge.

Appellants, Perez, et al., demised the ship Avelina to a foreign corporation, Distribuidora Internacional de Bananos, S. A., under a bare-boat charter. The Distribuidora Company manned The Avelina with crew and master and put her in service transporting bananas for appellee. While so engaged on a run between Costa Rica and Miami, a navigational error by her master carried The Avelina off course, resulting in a 36 hour delay and consequent spoilage of the banana cargo, according to the allegations of the libel.

Appellee, Cia Tropical Exportadora Ltda. of Costa Rica, libeled The Avelina for the cargo loss. Appellant's answer and the evidence before the Commissioner denied any deviation from course en voyage, and contended that there had been no delay, and that the cause of cargo spoilage

was the over-ripe condition of the bananas when loaded on the Avelina.

After learning by telephone that the Commissioner was going to submit a report and recommendation of liability against The Avelina, appellants discharged their proctor and retained a successor. The new proctor, in an endeavor to avert defeat, began filing a welter of motions, requests, proffers, exceptions, etc., the points raised in only two of which seem to call for discussion here, viz.: the request for oral argument and the second proffer of evidence concerning the nature of the transaction between the Distribuidora Company and the libelant.

The request for oral argument was granted and the appellants on that occasion urged before the Commissioner first that the libelant had sued as a corporation, whereas the proof showed that it was not a corporation but a partnership, wherefore no decree in its favor could be entered. The second point made was that the record showed The Avelina was under a bare-boat charter to Distribuidora Company, which employed the master and crew, and that the libelant, being a sub-charterer of Distribuidora Company, was in no better position than the charterer, and could not maintain an action for the negligence of the master and crew, they being, as a matter of law, agents of the libelant. The Commissioner found against the appellants on both of these points.

As to the corporate existence of the libelant, the Commissioner held that the appellants were not in position to assert the lack of such corporate existence because their answer made no such denial, and for the further reason that the testimony did not, in the opinion of the Commissioner, prove that the libelant was not a corporation. On this point we need go no further than to state that the record is such as would warrant a finding on the part of the Commissioner that the libelant was a corporation.

In ruling against appellants on their contention that the libelant, being a sub-charterer from the Distribuidora Company, was in no better position than the latter, and, the latter being a bare-boat charterer, no liability could arise on the part of the appellants for negligence of the crew or master of The Avelina, the Commissioner thought that although a sub-charter, even on the same terms as the original charter, creates no privity between the sub-charterer and the general owner, so as to permit an action in personam by the sub-charterer against the general owner, nevertheless, the sub-charterer has, for damage to, or loss of, cargo, a remedy against the ship in rem. We are in accord.

This principle was announced in The Schooner Freeman, etc., v. Buckingham et al., 18 How. 182, 59 U.S. 182, 15 L.Ed. 341, wherein the Supreme Court, speaking through Mr. Justice Curtis, said:

"We are of opinion that, under our admiralty law, contracts of affreightment, entered into with the master, in good faith, and within the scope of his apparent authority as master, bind the vessel to the merchandise for the performance of such contracts, wholly irrespective of the ownership of the vessel, and whether the master be the agent of the general or the special owner.

\* \* \* \* \*

"\* \* \* For the ground on which we rest the authority of a master, who is either special owner or agent of the special owner, is, that when the general owner intrusts the special owner with the entire control and employment of the ship, it is a just and reasonable implication of law that the general owner assents to the creation of liens binding upon his interest in the vessel, as security for the performance of contracts of affreightment made in the course of the lawful employment of the vessel. The general owner must be taken to know that the purpose for which the vessel is hired, when not employed to carry cargo belonging to the hirer, is to carry cargo of third persons; and that bills of lading, or charter-parties, must, in the invariable regular course of that business, be made, for the performance of which the law confers a lien on the vessel."

See also The Alert, D.C., 61 F. 113.

By virtue of the bare-boat charter, the Distribuidora Company will be deemed to be the owner *pro hac vice* of The Avelina and the negligence of the master, as the agent of the *pro hac vice* owner, bound The Avelina in rem for losses resulting to the sub-charterer from such negligence.

In the second proffer to submit evidence on the nature of the transaction between the Distribuidora Company and the appellee, appellants asserted that the evidence, as it stood, showed that the Distribuidora Company was merely the agent of the appellee in chartering the Avelina from the appellants, for which reason it followed that the appellee was the prime bare-boat charterer and must suffer the consequences of the negligence of the master and crew of The Avelina. This contention on the part of the appellants was hinged almost exclusively on the testimony of one Simon, an officer of the Distribuidora Company. The Commissioner ruled on this contention that the testimony of Simon was not sufficient to prove relationship of principal and agent between appellee and Distribuidora Company, and further that the evidence on the whole directly negatived the existence of this relationship.

While the appellants' position finds support in the testimony of Simon, we will not disturb the Commissioner's finding because there is ample evidence from other witnesses, including the master and crew, to support the conclusion that The Avelina was, as a matter of fact and law, sub-chartered to the appellee.

During the interim between filing of the Commissioner's final report and recommendations and the issuance of final decree, the appellants moved under Federal Rules of Civil Procedure, Rule 56, 28 U.S. C.A., to implead, by way of remedy over, the Distribuidora Company. The motion was denied and the appellant asserts such denial was to his great prejudice and was an abuse of judicial discretion. The appellant candidly admits that the motion was made belatedly, but insists the tardiness was not fatal because of the purpose to do substantial justice that underlies Rule 56. We think, however, no abuse of discretion

is shown and the denial of the motion was proper. The appellant's remedy, if any, against the Distribuidora Company may be enforced in an independent action.

The decree of the Court below is Affirmed.