## THE GEORGIA.[1]

### NEGUS v. THE GEORGIA.

*(District Court, E. D. New York. November 11, 1887.)*

MARITIME LIENS—CHRONOMETER—FOREIGN SHIP.
   A ship's chronometer is one of the necessities of the vessel. When, therefore, a foreign ship is supplied with a chronometer upon the credit of the vessel, and by direction of the master, a maritime lien on the ship is created for the value of the chronometer.

*Goodrich, Deady & Goodrich,* for libelant.
*Benedict, Taft & Benedict,* for libelant in another suit.

BENEDICT, J. This is a proceeding *in rem* to enforce a lien upon the brig Georgia for the sum due the libelant for the use of a chronometer used by the master of the brig during about a year. The only point made in defense is that no lien exists for such a demand, because it devolves upon the master of a vessel to provide himself with a chronometer, as one of the tools of his trade. In other words, that a chronometer is one of the necessities of the master of the ship, and not one of the necessities of the ship. There is no evidence tending to show that a chronometer is one of the tools of the master's trade, or that it is customary for the master to provide the chronometer. In the absence of such evidence, I do not see how the libelant's claim for a lien can be denied. Clearly, the ship cannot go to sea without a chronometer. As matter of fact, the presence of a chronometer on board is an absolute necessity, to enable the ship to perform her voyage. In this instance the chronometer was procured by the master on the credit of the vessel, as the receipt he gave shows, and his authority cannot be denied. It is, then, the ordinary case of a necessity of the ship supplied upon the credit of the ship by direction of the master, the ship being foreign. Upon such facts the maritime law declares the ship bound. Let the libelant have a decree.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.