DE FORD et al. v. MARYLAND STEEL CO.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1902.)

No. 416.

**1. BREACH OF CONTRACT—DAMAGES—EXPENSE INCURRED—LOST PROFITS.**
    Damages based on the estimated expenses incurred and losses of profits sustained by reason of defendant's failure to complete and deliver certain vessels within a specified time are not recoverable in an action for breach of a contract to complete and deliver the vessels within the specified time, though the purpose for which the vessels were intended was understood by the parties, such damages being entirely conjectural.

**2. SAME—REMOTENESS OF DAMAGES.**
    Damages based on the loss of vessels in a hurricane are too speculative to be recoverable in an action for breach of a contract to construct and deliver the vessels within a specified time at a designated place, their destruction occurring at another place.

**3. SAME—MEASURE OF DAMAGES.**
    In the absence of special circumstances, a party failing to complete and deliver vessels within a specified time is liable only to the amount of the interest on the payments made prior to their delivery for the time of the delay.

In Error to the Circuit Court of the United States for the District of Maryland.

Charles Morris Howard, for plaintiffs in error.

Alexander Preston (J. Alexander Preston and Robert Ludlow Preston, on the brief), for defendant in error.

Heard by GOFF and SIMONTON, Circuit Judges, and JACKSON, District Judge.

GOFF, Circuit Judge. The defendant below, also the defendant in error, contracted with the plaintiffs below, who are also the plaintiffs in error, under a written contract dated September 6, 1899, to build for them, in accordance with certain specifications, one steel screw tug, and to complete and deliver the same to said plaintiffs on or before the 1st day of January, 1900, unless prevented by providential occurrence, fire, strikes of workmen, or other obstacles beyond their power to control, for the sum of $15,750. The defendant also contracted with plaintiffs, by written contract dated December 6, 1899, to construct for them, in accordance with certain described plans, two barges, and to endeavor to complete and deliver said barges to the plaintiffs on or before the 1st day of February, 1900, unless prevented by providential occurrences, fires, strikes of workmen, or obstacles beyond their power to control, for the sum of $11,500. The vessels so contracted for were to be delivered at Sparrow's Point, in the state of Maryland. For various reasons, not necessary to be here set forth in full, the tug and barges were not actually delivered to the plaintiffs until July 21, 1900. The last installment of pay for said vessels was made by the plaintiffs to the defendant on the day the same were so delivered, and the plaintiffs on that day duly served on the defendant a protest in writing, reserving to themselves all rights and claims that they might be entitled to

because of said delay. The plaintiffs were engaged in the business of manufacturing and selling sugars, having places of business in Boston and Porto Rico, and the vessels so contracted for and delivered were intended to be used during the sugar season of 1900. The tug and barges left for Porto Rico under the tow of a larger tug on the day they were delivered to the plaintiffs, and, after having experienced tempestuous weather off of and south of Cape Hatteras, both of the barges were lost; one of them on July 26th, and the other on the following day. The tug was compelled to return to Norfolk, but afterwards went to Porto Rico under her own steam. On the 5th day of January, 1901, the plaintiffs instituted an action at law in the circuit court of the United States for the district of Maryland, claiming damages from the defendant because of its failure to complete and deliver said vessels according to the terms of the contract mentioned. It is alleged in the declaration that the failure to complete and deliver said vessels was not caused by providential occurrences, fires, strikes of workmen, or other obstacles beyond the defendant's power to control, but was owing to the negligence of the defendant; and it was further alleged that said vessels were intended by the plaintiffs for use in connection with their sugar business in Porto Rico, and that they were known to be so intended by both parties to said contract, and that by the failure of the defendant to deliver the vessels within the time stipulated, the plaintiffs were subjected to great expense for freight and for lighterage, and that they were deprived of the profits of valuable contracts in connection with such vessels, which profits they would otherwise have made, and that by reason of the delay and of the failure of the defendant to complete and deliver said vessels in accordance with the terms of the contract, the plaintiffs were subjected to great additional expense; and the plaintiffs also alleged that the 21st day of July in every year is the beginning of the hurricane season in the locality for which said vessels were intended, and that by reason of the delay in sailing, caused by the defendant's negligence, the vessels encountered a violent hurricane on the voyage to Porto Rico, by which all of said vessels were severely injured, and the two barges totally lost, to the great damage of the plaintiffs. The case was matured and came on to be heard on the 16th day of April, 1901, when, by agreement of the parties, the matters in issue were tried by the court without a jury. On the 6th day of May, 1901, the rulings and findings of the court, on the matters so submitted to it, were duly made and filed, and on the 27th day of May, 1901, judgment was entered for the plaintiffs for the sum found by the court in their favor. From such judgment the said plaintiffs sued out the writ of error we are now to dispose of. The court below found that the tug should have been completed for delivery on February 1, 1900, and the barges on April 1, 1900; that there was an inexcusable delay in the delivery of the tug of 5 months and 20 days, and in the delivery of the barges of 2 months. Exceptions to the rulings and findings of the court in a number of particulars were duly taken by the plaintiffs, and they, by their assignments of error, insist that the damages allowed by the court were entirely inadequate.

With the conclusion reached by the court below that there was an inexcusable delay in the delivery by the defendant of the vessels contracted for by the plaintiffs, we are in entire accord. Therefore the ascertainment of the proper measure of damages applicable to the circumstances found to exist in the present case will dispose of most of the assignments of error, as there were no exceptions by either plaintiffs or defendant below to the action of the court on the prayers submitted. The court below rejected the plaintiffs' claim for damages based upon the fact that the vessels were intended to be used by the plaintiffs in connection with their sugar business in Porto Rico, and that the failure to deliver the vessels within the time stipulated in the contract subjected the plaintiffs to great expense for freight and lighterage, and deprived them of profits that they would otherwise have made; and also rejected the claim for damages alleged to have been caused by the delay in sailing, and the damages, if any, of the hurricane season, charged to have been caused thereby. It will be observed that the contracts required the delivery of the vessels at Sparrow's Point, and not in Porto Rico, and yet much of the evidence offered by the plaintiffs tended to prove the unusual risk and the great cost of taking a tug as small as the one so built and delivered, and barges as shallow as those contracted for, on a voyage of over 1,200 miles from the Chesapeake Bay to Porto Rico. The evidence offered on the subject of rental value had reference to the use of the vessels at Porto Rico, where it was conceded they were intended for use; but their arrival at Porto Rico, and their profitable utilization at that point, were so uncertain, and so entirely conjectural as to necessarily exclude all claims for loss founded upon their use in that country. The contracts made no reference to the arrival of the vessels at Porto Rico, but, on the contrary, distinctly provided for the delivery of the same before any effort was made to remove them to Porto Rico. It does not appear from the evidence that a tug could have been rented in Porto Rican waters during the sugar season of 1900 at any price, and it appears that there were very few barges to be had there under any circumstances, and it is quite evident that such conditions existed as a result of the great cost and the extreme risk attending the efforts to take such vessels from the United States to that section.

In cases of this character, speculative damages are, as a rule, excluded. The indemnity of the vendee is the actual loss sustained by reason of the vendor failing to comply with his contract; and, where there is an absence of fraud, the vendee has never been allowed damages remotely consequential, and resting in mere speculation. In such cases parties should not be held liable for losses which they could not reasonably have anticipated, and which they did not contemplate when the contract was entered into. It is hardly possible that the damages now claimed by the plaintiffs in error could have been in the contemplation of either of the parties to the contracts under which the vessels before mentioned were constructed. Naturally, the vendor in this case presumed that, in the event of a breach on its part, the damages awarded would be proportionate to such recovery

as would be allowed it in case of a breach by the vendee in failing to pay the purchase money when the vessels were delivered at Sparrow's Point, and it is well established that such recovery would be limited to the contract price of the vessels, with legal interest thereon. Damages of the character now insisted upon by the plaintiffs in error are so uncertain, and have reference to so many unforeseen and changing contingencies, that no reasonable basis for properly ascertaining their amount can be established. It would be a mere calculation of chances by juries and by courts, producing results not conducive to the due administration of justice, and deterring prudent men from making contracts like those now under consideration, to the great detriment of business and commercial affairs. It does not appear from the contracts, nor from the correspondence preceding them, nor from the conduct of the parties during the time the vessels were being built, that the defendant below was expected to see to their safe arrival at Porto Rico, or that there would be any special loss to the plaintiffs if delay should occur in the time of delivery. No penalty for delay is found in the contracts, and certainly the plaintiffs did not act as if they regarded time as material, or considered prompt delivery of the completed vessels as essential. On the contrary, they directed various changes to be made in the manner of the construction of the tug,—alterations which they must have realized would cause considerable delay,—and after the completion of the barges they did not take possession of them until six weeks had elapsed. We refer to these facts, fully disclosed by the evidence, for the purpose of showing the absence of such special circumstances as would make other damages than those we have indicated, proper to be assessed because of the breach by the defendant relating to the delay in delivering the vessels. The court below allowed the plaintiffs the sum representing the interest at 6 per cent. per annum, on the payments made by them prior to the delivery of the vessels, for the full time resulting from the delays, and we find no error in that judgment.

The following cases bear upon the questions raised by the assignments of error, and, in our opinion, direct the conclusion we have reached concerning them: Howard v. Manufacturing Co., 139 U. S. 199, 11 Sup. Ct. 500, 35 L. Ed. 147; Taylor v. Maguire, 12 Mo. 313; Hadley v. Baxendale, 9 Exch. 341; Primrose v. Telegraph Co., 154 U. S. 1, 29, 14 Sup. Ct. 1098, 38 L. Ed. 883; The Ceres, 19 C. C. A. 243, 72 Fed. 936, 943; Drug Co. v. Byrd, 34 C. C. A. 351, 92 Fed. 290; Railroad Co. v. Bucki, 16 C. C. A. 42, 68 Fed. 864; Abbott v. Gatch, 13 Md. 314, 71 Am. Dec. 635; Oil Co. v. Schlens, 59 Md. 31, 43 Am. Rep. 537; Blanchard v. Ely, 21 Wend. 342, 34 Am. Dec. 250; Trust Co. v. Clark, 34 C. C. A. 354, 92 Fed. 293.

There is no error in the judgment complained of, and the same is affirmed.