REED v. WEULE et al.

(Circuit Court of Appeals, Ninth Circuit. March 8, 1910.)

No. 1,713.

1. ADMIRALTY (§ 118*)—APPEAL—REVIEW—QUESTIONS OF FACT.

While a Circuit Court of Appeals is not limited to the review of questions of law only, in admiralty appeals, yet, where the decision involves questions of fact dependent on conflicting testimony, the finding of the district judge will not be set aside unless it is clearly against the weight of evidence.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 770; Dec. Dig. § 118.*]

2. ADMIRALTY (§ 10*)—JURISDICTION—NATURE OF SUBJECT-MATTER—CONTRACT.

A contract of sale of a chronometer as appertaining to a particular vessel is a maritime contract within the jurisdiction of admiralty, though at the time of sale it was on shore.

[Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 10.*

Admiralty jurisdiction as to matters of contract, see notes to The Richard Winslow, 18 C. C. A. 347; Boutin v. Rudd, 27 C. C. A. 530.]

3. CONTRACTS (§ 4*)—LIABILITIES OF PARTIES.

Where respondent, on the purchase of a ship, obtained a chronometer and retained and used it after he knew it was rented from libelants, he ratified an implied contract for the rent for the whole term of use, and, by afterwards selling it as his own, made himself liable on implied contract to the owners for the reasonable value thereof.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 4.*]

Appeal from the District Court of the United States for the Northern District of California.

Libel by Louis Weule and others, doing business under the firm name of the Louis Weule Company, against W. I. Reed. From a decree in favor of libelants, respondent appeals. Affirmed.

Frank & Mansfield, for appellant.

F. R. Wall and Henry Taylor, for appellees.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge. Libel by Louis Weule Company, a copartnership, makers and suppliers of nautical instruments, against W. I. Reed, late owner of the barquentine "Amelia" of Oakland, Cal., in a cause of contract civil and maritime.

Libelants allege that on July 13, 1906, at San Francisco, libelants loaned to the then owners of the Amelia a chronometer; that the owners promised to return the chronometer to libelants in good order within six months, or pay to said libelants $100, the agreed value of the chronometer; that the said owners also agreed to pay to libelants $4 a month as hire for the chronometer until it was returned or paid for; that on September 13, 1906, the ship was sold by her owners to W. I. Reed, respondent; but that when the sale was made the chronometer had not been paid for and no rent therefor had been paid; that, at the time of the sale of the vessel to Reed, Reed knew of the contract with libelants, and knew that the chronometer belonged to the libelants, and that neither rent nor purchase price had been paid; that, when the ship was sold to Reed, the chronometer passed into his possession and remained there until March 11, 1907, when respondent, Reed, sold and delivered the chronometer to the San Juan Fishing & Packing Company; that respondent, Reed, had the use and benefit of the chronometer from September 13, 1906, to March 11, 1907; that a reasonable value was $36 for such use; that $100 is the reasonable value of the chronometer; that libelants had demanded payment of the value and rent of the chronometer, but payment has been refused; that the demand for the return of the chronometer has been refused.

The prayer is for a decree for $100, the value of the chronometer, and $36, the value of the use thereof, together with interest and costs, and general relief.

The respondent excepted to the aforesaid libel upon the ground that no cause of action was stated against respondent, in that there was no privity of contract between libelants and respondent. Respondent also challenged the jurisdiction of the court upon the ground that the facts stated do not constitute a maritime contract. The court overruled the exceptions, and thereupon respondent answered, specifically denying that he knew of the contract set forth in the libel, or that he knew that the chronometer was the property of these libelants, or that the rent or purchase price had not been paid. Respondent admits that at the time of his purchase of the vessel the chronometer passed into his possession; but he says that, the chronometer being on board when he purchased the ship, it was left there by the former owner, and no one demanded the chronometer, and it was allowed to remain upon the ship until December, 1906, when the ship was wrecked and the chronometer was taken off and stored. Respondent alleges that afterwards the libelants made demand for the chronometer, and that he informed libelants they could go and get it. He denies that on March 11, 1907, or at any other time, he sold or delivered the chronometer to the San Juan Fishing & Packing Company, and denies that he had the use and benefit of the chronometer from September 13, 1906, to March 11, 1907, except as already set forth.

Testimony was taken, and thereafter the court filed a memorandum opinion finding that "all of the allegations" of the libel are true except

that in relation to the value of the use of the chronometer referred to in the libel during the time the chronometer was in the possession of the respondent, W. I. Reed; and as to this the court found the value of the use to be $24. As a conclusion of law it was decreed that libelants were entitled to recover $24 for the use of the chronometer and $100 as the value of the chronometer. Interest and costs were allowed libelants. From the decree duly entered, respondent appealed to this court.

The case comes within the well-established rule that, while this court is not limited to the review of questions of law only, in admiralty appeals, yet, 'where decision involves questions of fact dependent upon conflicting testimony, the finding of the district judge will not be set aside unless it is clear that the decision is against the weight of evidence. The Oscar B., 121 Fed. 978, 58 C. C. A. 316; Paauhan Sugar Plantation Co. v. Palapala, 127 Fed. 920, 62 C. C. A. 552; The Edward Smith, 135 Fed. 32, 67 C. C. A. 506.

It is to be taken that the chronometer involved was obtained from appellees by the master of the ship for use in navigation; that this appellant knew before March, 1907, when he sold the ship, that the instrument had not been purchased by him with the ship, when he became owner thereof in September, 1906, but was being used by the ship under contract of hire made by the master; and that when appellant sold the ship he intended to sell and deliver the chronometer to the purchasers. In December, 1906, the ship had been wrecked, and appellant put her in the possession and care of Hall Bros. at their shipyard at Winslow, Wash., to be held pending repair or sale. The chronometer and the ship's papers, and certain other things, were taken off the vessel by the captain and delivered to Mr. Hubbard, manager for Hall Bros. Hubbard put the chronometer in the Hall Bros.' office. Thereafter, on March 6th, this appellant wrote Hall Bros. that he expected to sell the ship, and that some canvas left in the vessel was not to be sold, but that "everything else regular will go with the vessel if sold." A few days later, at the time of the sale, appellant's son and personal agent introduced the representative of the purchaser to Mr. Hubbard and asked Mr. Hubbard to turn over all equipment that he had taken off the vessel, with the exception of some canvas and a package of clothing. Later in the day, when the sale had been effected, Mr. B. W. Reed, still acting for appellant, W. I. Reed, wrote a note to Mr. Hubbard, wherein he confirmed his previous conversation to deliver the ship to Bush & Co., "including all gear and appliances of all descriptions belonging to said boat." Upon this authority the ship and chronometer were delivered to the purchasers.

Objections to jurisdiction are not well founded, because the subject-matter of the whole contract was maritime. The chronometer being necessary to the vessel, and having been sold as appertaining to her, the fact that at the time of the sale it was on shore in the office of Hall Bros. became a mere incident and of no real importance. Insurance Co. v. Dunham, 78 U. S. 1, 20 L. Ed. 90; Newberry v. The Fashion, Fed. Cas. No. 10,143; Benedict's Admiralty, § 283; Stringham v. Schloener, Fed. Cas. No. 13,536.

As was said by Judge Benedict in the case of The Georgia (D. C.) 32 Fed. 637:

"Clearly, the ship cannot go to sea without a chronometer. As a matter of fact, the presence of a chronometer on board is an absolute necessity to enable the ship to perform her voyage."

It appeared in evidence that upon July 13, 1906, the master had made a written contract for one Scammon, the then owner, with these appellees, whereby he promised to return the chronometer within six months or to pay $100, the value thereof, and also to pay $4 per month as hire of the instrument until its return or purchase. On September 13th the master called upon appellees, and there was written on the said contract a memorandum that the ownership of the vessel had been transferred to the Rainier Lumber Company. This memorandum was subscribed by the master. The purpose of making the memorandum was to substitute the name of the corporation, which the master believed had bought the ship, for the former owner's name, and thus to make the new owner responsible to these appellees. But inasmuch as appellant was not named in this express written contract, we do not regard it as binding upon him.

We put our decision upon the ground that, although there was no express contract, the master obtained the chronometer from appellees for the benefit of the ship, and that this appellant, by retaining and using the instrument after he had knowledge that it was rented from some one else, ratified an implied contract of the master and became liable to pay the reasonable rental value for the whole term of use. No maxim is better settled in reason and law, said the Supreme Court in Supervisors v. Schenck, 72 U. S. 772, 18 L. Ed. 556, than, "Omnis ratihabitio retrotrahitur et mandato priori æquiparatur." Fleckner v. U. S. Bank, 21 U. S. 338, 5 L. Ed. 631; Norton v. Shelby County, 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178; Cook v. Tullis, 85 U. S. 332, 21 L. Ed. 933; American China Development Co. v. Boyd (C. C.) 148 Fed. 258. And by afterwards selling the chronometer as his own, appellant also made himself liable on implied contract to pay to the owners the reasonable value thereof. Cooley on Torts, *110.

We do not deem it necessary to extend the opinion.

The decree is affirmed.