## TERMINAL SHIPPING CO. v. HAMBERG et al.

(District Court, D. Maryland. April 29, 1915.)

1. ADMIRALTY ⟨key⟩65—BREACH OF CONTRACT—LOSS OF PROFITS.

   Whether a libelant is entitled to recover for loss of profits by reason of the refusal of respondent to perform a contract depends on the facts as shown by the evidence, and the question should not be determined on the pleadings alone.

   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 515–518; Dec. Dig. ⟨key⟩65.]

2. ADMIRALTY ⟨key⟩13—JURISDICTION—"MARITIME CONTRACT."

   A contract to perform stevedoring services is maritime, and a court of admiralty has jurisdiction of a suit in personam to recover damages for breach of an executory contract by which libelant was employed to do such work.

   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 164–176; Dec. Dig. ⟨key⟩13.]

In Admiralty. Suit by the Terminal Shipping Company against Hans Hamberg, manager, and the Rederiaktieb Hermodia, now or lately owners, of the Swedish steamship Bertha. On exceptions to libel. Overruled.

George Forbes, of Baltimore, Md., for libelant.

Harry N. Abercrombie, of Baltimore, Md., for respondents.

ROSE, District Judge. This is a libel in personam with a clause of foreign attachment. It sets up a contract between the respondents and the libelant, by which the latter until December 31, 1915, was to do all stevedoring work required by the respondents' vessels at the port of Baltimore, except when some charter otherwise provided. It alleges that the Bertha arrived at this port, but that its master declined to permit the libelant to do the stevedoring work, although it tendered its services and had rigged up its gears and was ready and willing to perform. It is asserted that by such refusal the libelant lost $75, that being the amount of profit which it says it would have made, had it done the work under the contract and been paid the contract price.

To this libel the respondents have excepted, and on two grounds: First, that the cause of action is not within the jurisdiction of a court of admiralty; and, secondly, that the damages sought to be recovered are purely speculative.

[1] There are cases in which recovery may be had for loss of profits. Pennsylvania Steel Co. v. New York City Ry. Co., 198 Fed. 745, 117 C. C. A. 503. Under other circumstances they cannot be. De Ford v. Maryland Steel Co., 113 Fed. 72, 51 C. C. A. 59. Whether in this case they can be will depend upon the facts as they may be shown in evidence. The question should not be determined on the face of the pleadings alone.

The second exception will therefore be overruled.

[2] The breach of an executory contract does not, ordinarily, at least, give the injured party a maritime lien upon the ship, and therefore a libel filed in rem may not be filed to recover therefor. Schooner

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Freeman v. Buckingham, 18 How. 182, 15 L. Ed. 341; Scott v. Ira Chaffee (D. C.) 2 Fed. 401. It has also been decided that executory contracts to furnish all provisions that certain ships may require at a particular port, or all coal that they will need at that place, are not maritime contracts, and that admiralty has no jurisdiction, even in personam, to award damages for their breach. Diefenthal v. Hamburg-Amerikanische Packetfahrt Actien-Gesellschaft (D. C.) 46 Fed. 397; Steamship Overdale Co., Ltd., v. Turner (D. C.) 206 Fed. 339. In the case last cited it was pointed out that a contract to buy coal or provisions is not in its nature maritime, and does not become so until the coal or the stores are furnished to the ship.

The libelant in this case says that a contract to do stevedoring work on a ship calls for a service which can never be otherwise than maritime. Whatever may have been the original difference of opinion on the subject, it is now clearly settled that stevedoring services are maritime. Atlantic Transport Co. of West Virginia v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157. Respondent replies that the contract is executory, and that for a breach of such a contract there is no remedy in the admiralty.

The reasoning, if not the express language, of Justice Story on circuit in Andrews v. Essex Fire & Marine Ins. Co., 1 Fed. Cas. 889, goes far to justify this contention. In a number of cases in which a right of action in rem has been denied, doubt has been expressed as to whether there was any jurisdiction even in personam. The Seven Sons (D. C.) 69 Fed. 271. On the other hand, the jurisdiction in personam has been expressly sustained in a case on all fours with this. The Allerton (D. C.) 93 Fed. 219. The Circuit Court of Appeals for the Seventh Circuit has upheld such jurisdiction where the breach complained of was that of an executory contract for towing. Boutin v. Rudd, 82 Fed. 685, 27 C. C. A. 526.

The question seems to have been foreclosed in this circuit by the decision of the Circuit Court of Appeals in Baltimore Steam Packet Co. v. Patterson, 106 Fed. 736, 45 C. C. A. 575, 66 L. R. A. 193. It was there distinctly held that for the failure of a shipper to furnish cargo which he had bargained to ship recovery may be had in the admiralty upon a libel in personam.

It follows that the first exception must also be overruled.