GOWANUS STORAGE CO., Inc., v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, E. D. New York. March 21, 1921.)

1. Admiralty ⬤⟞12—Contract for storage of cargo not "maritime contract," within admiralty jurisdiction.

A contract to furnish storage for the cargo of a vessel is not maritime, and a court of admiralty is without jurisdiction of a suit for preventing the carrying out of such contract, or for its breach.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maritime Contract.]

2. Admiralty ⬤⟞10—Where cause of action is separable, admiralty has jurisdiction of part which is maritime.

A court of admiralty is without jurisdiction of a cause of action which is maritime only in part, unless it is separable, in which case relief may be given on the part within the jurisdiction.

In Admiralty. Suit by the Gowanus Storage Company, Incorporated, against the United States Shipping Board Emergency Fleet Corporation. Decree for libelant on part of cause of action.

Foley & Martin, of New York City, for libelant.
Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y., for respondent.

GARVIN, District Judge. At the close of the trial the court announced that on the facts libelant had established its cause of action by a preponderance of evidence. The respondent, by timely objection, questioned the jurisdiction of the court.

The libel was filed against the United States Shipping Board Emergency Fleet Corporation, and alleges that the libelant was in possession of a certain dock and pier at the foot of Twentieth and Twenty-First streets in the borough of Brooklyn, city of New York, as lessee; that because of the manner in which the steamship Western Belle, in possession and control of and operated by the respondent, was moored in Gowanus Bay, libelant was deprived of the rent and use of its said dock from February 4 to February 10, 1920, was prevented from carrying out a contract which it had with the steamship Mermoquowa and respondent, and from arranging for storing and handling the cargo of the latter vessel under said contract. The Mermoquowa had arranged to dock at the libelant's pier, and was unable to do so because of the position of the Western Belle. The libelant had made a contract with the steamship Mermoquowa and respondent, whereby the steamship and the respondent agreed with the libelant to take and use said pier from and after February 4th, for the purpose of discharging the cargo of the steamship, at a rental of $100 a day for the dock, with $100 additional per day for the use of the shed on the said pier or dock. The agreement further provided for the procurement of storage by the libelant of 18,000 bales of cork wood, the cargo of the vessel, for which libelant was to receive 35 cents a bale. The damage sustained by the libelant is represented by the benefit and profit which it would have obtained under the agreement with the steamship Mermoquowa aforesaid.

The respondent suggests that, in determining whether an action of this character is within the jurisdiction of admiralty, the court must first consider the agreement between the libelant and the Mermoquowa and its owners, in order to ascertain if it was of such a nature that a court of admiralty would have jurisdiction of an action for a breach thereof, and refers to authorities which hold that admiralty has no jurisdiction over a cause of action that is only partly maritime in character. The Belfast, 7 Wall. 637, 19 L. Ed. 266; The Pennsylvania, 154 Fed. 9, 83 C. C. A .139; Plummer v. Webb, 4 Mason, 380, Fed. Cas. No. 11233.

The libelant urges that the obstruction of the channel of the waters of Gowanus Bay by the Western Belle was unlawful, and that where the owner of a dock fronting on navigable waters sustains injury by reason of an obstruction in such navigable waters he may recover damages from him who commits the wrongful act, citing Rivers and Harbors Act, § 15, 30 Stat. 1152 (Comp. St. § 9920), The Grand Manan (D. C.) 208 Fed. 583, The Pocohuntas (D. C.) 217 Fed. 135, and other authorities. This may be quite true, but it does not follow that an admiralty court has jurisdiction, although libelant would un-undoubtedly have a cause of action at common law.

The following cases upon which libelant relies to support its contention that the admiralty court has jurisdiction are distinguishable from the case at bar: The Grand Manan (D. C.) 208 Fed. 583, was a collision between a moving steamer and a dredge at anchor. Philadelphia & Wilmington R. R. Co. v. Philadelphia, etc., Steamboat Co.,

23 How. 209, 16 L. Ed. 433, involved an injury to a vessel by piles left in a river. Braisted v. Denton (D. C.) 115 Fed. 428, and The Vanderbilt (D. C.) 86 Fed. 785, were cases where it held that a recovery may be had for wharfage actually furnished to a vessel.

On the other hand, a lease of a wharf is not a maritime contract on which may be maintained an action in admiralty for the collection of the rent. The James T. Furber (D. C.) 129 Fed. 808. In The Richard Winslow (D. C.) 67 Fed. 259, it is held that an action for damages to a cargo of goods carried by a vessel and stored therein after her arrival at her port of destination cannot be the basis of a claim enforceable in a court of admiralty. In H. S. Pickands (D. C.) 42 Fed. 239, and in The Mary Stewart (D. C.) 10 Fed. 137, it was held that the damage must happen on the water.

[1] Many years ago it was held by Judge Story, in Andrews v. Essex Insurance Co., 3 Mason, 6, Fed. Cas. No. 374, that an action will not lie in admiralty for breach of a contract leading to the execution of a maritime contract. From the foregoing authorities I think it is clear that an admiralty court would have no jurisdiction over a contract to procure permanent storage for all or a part of a cargo after it had been unloaded. The contract which the libelant had with the Mermoquowa was, in part, not within the jurisdiction of an admiralty court, and under the authority of The Belfast, 7 Wall. 637, 19 L. Ed. 266, supra, it follows that libelant would not have an action in admiralty for a breach, if the part referred to is not separable.

[2] The agreement to procure permanent storage, however, appears to be easily separable; in its other provisions the contract is a maritime contract within the jurisdiction of this court. The Vanderbilt (D. C.) 86 Fed. 785, Braisted v. Denton (D. C.) 115 Fed. 428, Terminal Shipping Co. v. Hamberg et al. (D. C.) 222 Fed. 1020. Where jurisdiction has been questioned, a contract has been held to be separable. Pacific Coast Steamship Co. v. Moore et al. (D. C.) 70 Fed. 870.

If the foregoing conclusions are correct, there must be a decree for the libelant, with the usual reference to a master. No recovery, however, may be had for damages connected with the storage of the 18,-000 bales of cork wood; this being without prejudice to libelant's rights, otherwise, in respect thereto.