THE THOMAS P. BEAL. HOLMES v. CROWELL & THURLOW S. S. CO. CROWELL & THURLOW S. S. CO. v. WESTERN STEVEDORE CO.

(District Court, W. D. Washington, N. D. February 21, 1924.)

No. 7512.

1. **Master and servant ☞120—Stevedoring company held liable for injuries to stevedore from fall of lifting appliance furnished by ship.**

A contracting stevedoring company, engaged in loading a ship, as well as the shipowner, was liable for injuries to a stevedore, injured by the falling of a lifting appliance furnished by the ship; its duty to furnish its employee a safe place in which to work and reasonable safe appliances extending to the ship temporarily in its possession and control.

2. **Admiralty ☞13—Services of stevedore in loading ship held maritime.**

Services of a stevedore, employed by a contracting stevedoring company in loading a ship, are maritime.

3. **Admiralty ☞10—Jurisdiction, where contract contains maritime and nonmaritime covenants, stated.**

Where a contract contains maritime and nonmaritime covenants, the maritime may be heard in admiralty or at common law, and the nonmaritime at common law only.

4. **Admiralty ☞10—Stevedoring company's contract to insure employees loading ship held within admiralty jurisdiction.**

Provision of a stevedoring company's contract to load a ship, that it would insure its employees, was incidental to the maritime contract of loading the ship, and, even though nonmaritime in itself, could be determined in the admiralty court, irrespective of whether libel or claimant's petition alleged the right to recover in admiralty.

5. **Admiralty ☞56—Admiralty rule, entitling party to bring in other parties, construed.**

Admiralty rule No. 56, providing that in any suit claimant shall be entitled to bring in any other person who may be partially or wholly liable to libelant or to claimant, growing out of same matter, does not enlarge the admiralty jurisdiction by permitting a party to be impleaded, but merely permits claimant to bring in a party jointly liable for the wrong.

6. **Admiralty ☞50—Claimant's petition held sufficient to bring in another party, but should state whether contract declared on was oral or in writing.**

On libel for injuries to a stevedore, shipowner's petition, alleging that libelant was employed by a contracting stevedoring company, which had exclusive control of the loading appliances, and on information charging that the defective appliances causing the injury belonged to the stevedoring company, and that under its contract with shipowner stevedoring company had insured its employees against injuries, *held*, though suffi-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cient to bring in the stevedoring company as additional party under admiralty rule 56, it should state whether the contract was oral or in writing, and set out more definitely the import and legal effect of its terms.

In Admiralty. Libel by Henry C. Holmes against the steamship Thomas P. Beal, with the Crowell & Thurlow Steamship Company as claimant. On exceptions to claimant's petition to bring in the Western Stevedore Company as additional party under admiralty rule 56. Exceptions denied in part, and sustained in part.

The libelant seeks to recover from the claimant for personal injuries sustained while in the employ as stevedore of the Western Stevedore Company, contracting stevedore, engaged in loading the respondent vessel with sacks of scrap brass, swung onto the deck of the vessel by means of booms and tackle operated by a steam winch, and unloaded into the hold of the vessel, the duty of the libelant being to receive the sacks as they were unloaded and put them on trucks, and that while so employed, and as a sack had been taken from the sling and the libelant bent over the truck to push it into the proper place for the sacks to be stored, and the sling was being raised, suddenly and without warning the heavy iron shackle which was fastened to the tackle above the sling, and which held in place two lines of tackle, fell a distance of about 70 feet, striking the libelant on the shoulders and head and seriously injuring him. The tackle, it is alleged, belonged to and was supplied by the vessel to be used for the purpose employed, and the work was under the supervision and control of the officers of the ship, who knew that it was to be used and intended to be used in the loading of the ship; that the tackle was old and worn out, and not a fit and proper appliance for said work, and that the officers of the ship knew such fact. It is then alleged that the libelant and his wife are uneducated, unaccustomed to business affairs, and had no knowledge of documents pertaining to legal proceedings or contracts; that after the injury a party, representing himself to be an agent in paying insurance to persons employed and insured as was libelant, offered to pay libelant and his wife $600 upon the representation that this insurance was due libelant because of his injury, and because of such representation libelant and his wife, relying upon the statement of said agent, Roy E. Bigham, signed an agreement not to sue the Western Stevedore Company for any claim for damages, and the libelant prays for judgment for the full injury alleged to have been sustained, $15,000.

The claimant, owner of the vessel, files a petition under admiralty rule 56, praying process in due form in personam against the Western Stevedore Company, and that it be cited to appear and answer the allegations and matters contained in the libel and its petition, in which it is alleged, among other things, that it, the claimant is a corporation owner of the respondent vessel, and that during the period covered in the libel Sudden & Christianson, a corporation under California laws, was the agent and representative of the owners of the said ship; that the Western Stevedore Company was a corporation organized and existing under the laws of the state of Washington; that prior to the casualty stated in the libel the steamship, together with all cargo, booms, tackle, equipment, and winches, had been delivered to the Western Stevedore Company for the purpose of permitting it to perform its independent contract for stevedoring services, effective between it and the said petitioner, executed by Sudden & Christianson on its behalf; that the said cargo, booms, equipment, winches, etc., were under the exclusive control and supervision of the Western Stevedore Company; that all of said cargo, tackle, equipment, etc., was available and open for inspection and examination by said stevedore company; that it was the duty of said stevedore company to furnish reasonably fit, proper, and safe applinces, and that if the Western Stevedore Company failed in the discharge of its duty it, and it alone, is liable; that the defective shackle, if any, mentioned in the libel, was the property of the Western Stevedore Company; that if the libelant suffered injury it was caused solely and approximately by the

carelessness of the Western Stevedore Company. As a second cause of action the petitioner further alleges that all of the services performed by the Western Stevedore Company in said loading were performed under the conditions of a general stevedoring contract effective at said time, and that among other conditions was the agreement by the Western Stevedore Company to cover all employees, including libelant, with insurance against accidents causing personal injuries, and to protect said steamship from liability on account thereof; that said stevedore company did procure insurance covering libelant, but that the said stevedore company, in violation of its agreement and as a breach thereof, after said accident caused to be consummated a settlement with said libelant on account of said personal injuries, in which it failed to procure any agreement for the release of the respondent ship, the instrument procured being denominated "covenant not to sue," which reads as follows:

### "Covenant Not to Sue.

"In consideration of the sum of six hundred and no/100 ($600.00) dollars, and Drs. Thompson & Dawson's bill and Dr. Gates' bill this day paid to us by the Western Stevedoring Company, the receipt whereof is hereby acknowledged, we do hereby covenant and agree not to sue the said Western Stevedoring Company or make them a party to any suit in any of the courts of the several states or of the federal courts of the United States, on account of an accident which happened to the undersigned Henry Holmes on the 4th day of December in the year 1922, while on board the steamship Thomas P. Beal, resulting in injury to head, back, and arm, and other injuries.

"It is further understood that we will not assign our claim against the Western Stevedoring Company or sue said company either directly or indirectly, or take any other proceedings against the said stevedoring company on account of said accident.

"It is understood that this is intended as a covenant not to sue the Western Stevedoring Company, and same is not intended to effect in any way our claim against any party other than said Western Stevedoring Company.

"In witness whereof we have hereunto set our hands and seals this 8th day of January, 1923.                                          H. O. Holmes.
                                                              "Mrs. Etta Holmes.

"Signed and sealed in the presence of Roy E. Bigham."

That by such instrument the said stevedoring company seeks to preserve liability against respondent vessel and avoid responsibility therefor; that, if the respondent ship is liable to the libelant, it is entitled to be reimbursed by the Western Stevedore Company.

The Western Stevedore Company excepts to the petition to bring it in as an additional party on the ground that the facts alleged do not constitute a cause of action against it, either in favor of the libelant or in favor of the petitioner, and that the petition is not sufficient, full, or distinct, and that it fails to state when and where a contract under which the Western Stevedore Company performed the stevedore services was made, and whether it was oral or in writing, and fails to set forth the terms and conditions if oral, or a copy if in writing; that the contract relating to the insurance of employees is not a maritime contract, and not within this court's jurisdiction.

Othilia G. C. Beals, of Seattle, Wash., for libelant.

Bogle, Merritt & Bogle, of Seattle, Wash., for claimant and petitioner.

Stephen V. Carey and Donworth, Todd & Higgins, all of Seattle, Wash., for respondent Western Stevedore Co.

NETERER, District Judge (after stating the facts as above). Rule 56 provides that:

"In any suit the claimant * * * shall be entitled to bring in any other * * * person who may be partially or wholly liable, either to the libelant or to such claimant * * * growing out of the same matter. This shall

be done by petition. * * * Such petition shall contain suitable allegations showing such liability * * * and that such person ought to be proceeded against in the same suit for such damages. * * *"

The petition alleges that the Western Stevedore Company was the employer of libelant; that the appliances were in its possession and under its direct and exclusive supervision; and on information and belief charges that the worn or defective appliance was the property of such stevedoring company, and that pursuant to its contract with claimant it had obtained insurance indemnifying claimant against damages for such injury, which has been paid.

[1] The libelant obviously had a cause of action against both stevedoring company and claimant, or either. The stevedoring company, as employer, was required to furnish the libelant a reasonably safe place within which to work, and reasonably safe appliances with which to work, and this duty extended to working place and appliances owned by the claimant and temporarily in the possession and control of the Western Stevedore Company. The fact that the appliances were owned by the ship did not absolve the stevedoring company from inspecting and using reasonable care in making the place and appliances reasonably safe. Alaska Pacific S. S. Co. v. Egan, 202 Fed. 867, 121 C. C. A. 225.

[2] The service rendered by the libelant was clearly a maritime service. Southern Pacific Co. v. Jensen, 244 U. S. 217, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; The Canadian Farmer (D. C.) 290 Fed. 601; Terminal Shipping Co. v. Hamburg (D. C.) 222 Fed. 1020.

[3] Where a contract which contains covenants both maritime and nonmaritime, in case of breach the maritime may be heard in admiralty or at common law, and the nonmaritime at common law only. The Ada, 250 Fed. 194, 162 C. C. A. 330; Gowanus Storage Co. v. U. S. S. B. E. F. Co. (D. C.) 271 Fed. 528; Cal. Atl. S. S. Co. v. Central Door & Lbr. Co., 206 Fed. 5, 124 C. C. A. 139; Pacific Coast S. S. Co. v. Moore (D. C.) 70 Fed. 870. Admiralty affords relief where the contract involves some ingredients of a maritime nature, the substance of the whole issue being maritime. Plummer v. Webb, 19 Fed. Cas. 891, No. 11,233.

[4] The contract between the owner and the stevedore company was for a maritime service, and the insurance obtained, as charged, to cover for injury received in the maritime service, is incidental thereto, and, even though nonmaritime in itself, may be heard and determined by the admiralty court. Benedict on Admiralty, § 143; Union Fish Co. v. Erickson, 235 Fed. 385, 148 C. C. A. 647, affirmed 248 U. S. 308, 39 Sup. Ct. 112, 63 L. Ed. 261; North Alaska Salmon Co. v. Larsen, 220 Fed. 93, 135 C. C. A. 661; Reed v. Weule, 176 Fed. 660, 100 C. C. A. 212; Nash v. Bohlen (D. C.) 167 Fed. 427; The Conveyor (D. C.) 147 Fed. 586; Evans v. N. Y., etc., S. S. Co. (D. C.) 145 Fed. 841; Alaska Packers' Ass'n v. Domenico, 117 Fed. 99, 54 C. C. A. 485; Rosenthal v. Louisiana, 37 Fed. 264; The Mil-

waukee Bridge (D. C.) 291 Fed. 711; Eureka Towing Line v. City of N. Y. (D. C.) 283 Fed. 858; The Minerva (D. C.) 266 Fed. 598; The Cetriana (D. C.) 232 Fed. 175; The Wilhelmina, 232 Fed. 430, 146 C. C. A. 424. The rule, supra, has application, if either the libel or the petition alleges right to recover in admiralty. O'Keefe v. Staples Coal Company (D. C.) 201 Fed. 131.

[5] While the libelant may elect, as he did here, to pursue the owner as tort-feasor, rule 56 grants the right to the owner to have the stevedore company brought in as tort-feasor, or joint tort-feasor. This rule is not intended to enlarge the admiralty jurisdiction by permitting a party to be impleaded; its purpose is to allow a party proceeded against to bring in a party liable or jointly liable for the wrong complained of. Aktieselskabet Fido v. Lloyd Braziliero (C. C. A.) 283 Fed. 62.

[6] The stevedore company is entitled to know whether the contract charged is oral or in writing, and to be advised of the general terms and legal effect thereof, and, while it is not necessary to set out a copy as an exhibit, a copy, if written, would aid in fixing more accurately and definitely the import of the allegations. The petition is sufficient to bring in the additional party. It should, however, state whether the contract is oral or in writing, and set out more definitely the import and legal effect of its terms.

To the extent as herein indicated, the exceptions are denied and sustained.