# EL ORIENTE.

(District Court, E. D. New York. March 9, 1925.)

**1. Admiralty ⬤⟞60—Jurisdiction must be affirmatively shown on face of libel.**

Jurisdiction in admiralty must be affirmatively shown on the face of the libel, and it is not sufficient that it may be inferred argumentatively from the averments.

**2. Admiralty ⬤⟞12—Contract held not maritime.**

A through bill of lading issued by a railroad company for the carriage of merchandise, which could be made wholly by rail, is not converted into a maritime contract because by action of one of the connecting carriers a part of the transportation is made by water.

**3. Admiralty ⬤⟞10—To give jurisdiction, contract must be essentially maritime.**

To give a court of admiralty jurisdiction of a suit on a contract, the whole contract must be maritime in its character, and when performance is partly maritime and partly terrene, a court of admiralty will not assume jurisdiction unless the nonmaritime features be inconsiderable.

**4. Admiralty ⬬⬭60—Libel held not to state cause of action within the admiralty jurisdiction.**

A libel, based on a through bill of lading issued by a railroad company, which alleges that the initial carrier delivered the goods to a connecting railroad carrier in good condition, that such carrier forwarded them by steamship, and that when delivered some of them were damaged, but which does not clearly allege that the damage was caused on shipboard, *held* not to state a cause of action within the admiralty jurisdiction.

In Admiralty. Suit by Samuel C. Murfitt against the steamship El Oriente and the Southern Pacific Company. On exceptions to libel. Exceptions sustained, and libel dismissed.

Theodore L. Bailey, of New York City, for libelant.

Charles Franklin, of New York City, for respondent.

INCH, District Judge. This is a motion to dismiss a libel and complaint in admiralty. It is based on exceptions duly filed. The exceptions are: (1) That it appears upon the face of the libel that this court is without jurisdiction of the cause of action. (2) That the bill of lading referred to in said libel is not a contract and agreement civil and maritime, and that a suit for damages for breach thereof is therefor not within the admiralty and maritime jurisdiction of this court.

The libel, after setting forth the corporate entity of the respondent Southern Pacific Company and the nature of the business in which the steamship El Oriente was engaged, and similar allegations as to the Southern Pacific Company, proceeds to state: "On information and belief on or about the 23d day of September, 1924, Charles Schreiner Bank delivered to the San Antonio & Aransas Pass Railway Company, in good order and condition at Kerrville, Tex., 256 bags of mohair, marked K. V. and No. 257–512, inclusive, consigned to order of Charles Schreiner Bank at Boston."

The libel then states, on information and belief: That the said railway company duly issued a certain bill of lading "wherein it acknowledges the receipt of said bags of mohair in apparent good order and condition, and whereby it undertook for itself and connecting carriers the carriage and delivery of said goods." The libel then sets forth that the said railway company undertook for itself and connecting carriers to safely carry, transport, and deliver the mohair in the same good order and condition as when received. (The bill of lading is not set forth nor annexed to the pleading.) That said bill of lading acknowledged receipt of said bags of mohair in apparent good order and condition. The following paragraph then follows: "Seventh. Upon information and belief that thereafter at Galveston, Tex., the said bags of mohair in good order and condition and clear and free of stains from water or rust were delivered to the respondent Southern Pacific Company as a connecting carrier and shipped on board the steamship El Oriente." That libelant is informed and believes that the said steamship sailed with said mohair on board, and when she got to New York and discharged her cargo 12 of said bags were found stained with water and rust. The libel then alleges that the libelant and the shipper performed all the terms and conditions of the contract imposed on them, and that libelant has thus been damaged in the sum of $466.

It is thus seen that there is no allegation in this libel usually found in a tort action. On the contrary, it appears to be a suit based on contract. Nor is there any allegation expressly or by necessary inference as to where the rust and water damage, if any, was actually occasioned to the said twelve bags of mohair.

To be sure, libelant claims that this appears in the aforesaid paragraph seventh, where it is alleged that at Galveston, Tex., the bags were in good order and condition and free and clear of stains from water or rust. This allegation is made on information and belief, and even here such delivery in such condition is not expressly alleged to have been to the ship, but is alleged to have been made to "respondent as connecting carrier, and shipped."

Accordingly, a careful reading of the libel and complaint seems to show no allegation that the damage, if any, occurred exclusively on a ship. The original delivery was made to a railroad company and then to a connecting carrier at Galveston, Tex. (all on land), nor is there present words such as stowage, etc., or other allegations from which the necessary or reasonable inference would arise that the damage, if any, must have occurred on board the ship.

Under such circumstances, the mere discharge from the ship at New York of 12 bags out of 256 bags in a stained condition would not seem in itself a sufficient basis without allegations of other facts to support a fair inference as to where the damage was occasioned.

I am not unmindful of the dissenting. opinion of Judge Morrow in California Co. v. Lumber Co., 206 F. 5, at page 12, 124 C. C. A. 139, at page 146, as to a presumption arising in regard to the last carrier, but it seems to me that the facts in that case were not only different from the facts here, but also that such alleged presumption was not followed by the majority of that court.

We have to decide this motion on the allegations of the libel, and I do not consider that it is proper for me to consider terms of the bill of lading not alleged in the libel, for in effect this motion is in the nature of a demurrer to the jurisdiction of a court of admiralty before answer and must stand or fall on the allegations on the face of the libel.

"When goods are delivered to a carrier, there is a contract either expressed or implied that the carrier will carry them with safety. For negligence in carrying them resulting in loss or damage thereto an action will lie either for breach of contract or for tort." Cooley on Torts, 157. "Admiralty will determine cases upon equitable principles." "It is never made a point of pleading whether the case rests upon contract or tort." Borden v. Hiern, 1 Blatch. & H. 293, Fed. Cas. No. 1,655; Pacific Coast Steamship Co., 94 F. 182, 193, 36 C. C. A. 135.

"We have to inquire, therefore, whether upon either view of the cause of action here pleaded facts are alleged which show affirmatively that there is jurisdiction in admiralty.

"In cases of tort the jurisdiction in admiralty depends entirely upon locality. There can be no other test. The tort must have been committed on the high seas or navigable waters." California Atlantic S. S. Co. v. Central Door & Lumber Co., 206 F. 5, 124 C. C. A. 137.

There is an entire absence of allegations in this libel which would be necessary to indicate that it was an action in tort. Nor, following the rule above mentioned, is there an express allegation or sufficient basis for a fair inference that the damage here, if any, must have occurred on ship board.

No presumptions arise in favor of the jurisdiction of the federal court. Ex parte Smith, 94 U. S. 455, 24 L. Ed. 165.

[1] Jurisdiction must be affirmatively shown on the face of a libel. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057. "It is not sufficient, that jurisdiction may be inferred, argumentatively, from its averments." Brown v. Keene, 8 Pet. 112, 8 L. Ed. 885. I fail to see therefore in this libel how jurisdiction is shown, so far as any alleged action in tort is concerned.

"If a contract is maritime in itself it carries always its incidentals with it and the latter, though nonmaritime in themselves will, unless separable, be held and decided. But where the principal subject-matter of a contract belongs to the jurisdiction of a court of common law or equity, the whole contract belongs there and admiralty will not take jurisdiction, even though incidental matters connected with the contract might in themselves be cognizable in the admiralty. The distinction in many cases will undoubtedly seem shadowy; still, in a large class of cases, it will be readily perceived and its importance fully appreciated." Benedict on Admiralty (5th Ed. [McCloskey]) at page 83.

The true criterion is the nature of the contract. Northern Pacific S. S. Co. v. Hall Co., 249 U. S. 119, at page 125, 39 S. Ct. 221, 63 L. Ed. 510.

Analogies are of little value, but as a homely illustration of the essential nature of a contract take the case of a coat. This has sleeves, pockets, bottonholes, etc., but a contract to make a coat for a man or a woman would be essentially different, not necessarily in the details above mentioned or in the labor and material, but one contract would be to make a man's coat and the other to make a woman's coat. This essential nature of the contract would always exist. Supposing therefore that the law was that all contracts for the making of men's coats and injury sustained pursuant thereto should be tried out in a common-law or equity court, while all such matters in the making of a woman's coat must be tried out in an admiralty court, there would be little difficulty experienced. If, however, after the coat had been made and delivered, whether for a man or for a woman, it had been damaged by negligence and the law made the selection of the court dependent on the place where such damage was occasioned, there would still be no conflict and the proper court easily selected. Where, however, the negligent act occasioning damage occurred as a part of and incidental to the contract for the making and delivery of the coat, the essential nature of that contract would still control.

It seems to me that this is the essential nature of the contract which the decisions refer to in distinguishing jurisdiction and nonjurisdiction. It can only be determined by taking a broad view of the purpose, the parties, and circumstances of each case. The

difference is not in the details, which are often similar. The question is: Is the contract essentially a land contract or a water contract? If essentially a land contract, it and all incidental matters must be tried in common law or equity. If essentially a water contract, it and all incidental matters must be tried in admiralty. If plainly neutral and separable, each can be tried in its proper forum. If neutral but not separable, the discretion of the court will prevail.

[2] This suit appears to me to be fundamentally a suit on contract. It is based on a bill of lading issued by a railroad company. The essential nature of the entire engagement between the libelant, his shipper, and the railway company was the carrying of certain merchandise from Texas to Boston, all of which could, if desired, be accomplished on land and by rail, in which case there would be no claim made of admiralty jurisdiction, nor is a sea trip necessarily involved.

The mere fact or incident that a portion of the trip was selected by the carriers, or the parties, to be by water, or that such portion could be and was made by water, is not such a material part of the fundamental nature of the contract between the parties, as to change its nature from one substantially a nonmaritime contract to one substantially maritime.

This is not holding that in no case negligence, alleged to have occurred on an intermediate carrier ship, in stowing, handling, and carrying merchandise, and occasioning damage, may not be sued for in a proper action in admiralty and on proper allegations, provided that, within the decisions, such breach of duty can be readily separated from and otherwise shown to arise independently of an essentially nonmaritime contract; but where this cannot reasonably be done, then the remedies for injury arising from, or involved in, a breach of such nonmaritime contract, and thus incidental to it, must be sought in a common-law or equity court, even though a particular injury considered by itself might under other conditions and circumstances be cognizable by an admiralty court.

Treating therefore this libel as setting forth a suit on a contract essentially nonmaritime and treating the tort, if any, as incidental thereto, it seems to me that this court of admiralty has no jurisdiction.

It is not necessary for me to quote from the many cases presented in the briefs or elsewhere located by me and examined. Suffice it to say that in this circuit the settled law seems to be that—"Contracts of a mixed nature are not cognizable in the admiralty courts, and, where the principal subject-matter of a controversy belongs to the jurisdiction of a court of common law or of equity, the incidental matters must also be relegated to the appropriate jurisdiction, although of themselves they might be cognizable in admiralty." The Pennsylvania, 154 F. 9, 83 C. C. A. 139. To the same effect, California Co. v. Central Lumber Co., supra; Pacific Coast S. S. Co. v. Ferguson, 76 F. 993, 22 C. C. A. 671; A. O. Anderson Co. v. S. S. Co. (D. C.) 275 F. 989.

[3] "In such matters the whole contract must be maritime in its character, and, when the performance is partly maritime and partly terrene, a court of admiralty will not assume jurisdiction over it, unless the nonmaritime features be inconsiderable." Luckenbach S. S. Co. v. Gano Moore Co. (D. C.) 298 F. 343. Also, from statement in briefs made by counsel of each party. Grosvenor-Dale Co. v. Davis (S. D. no opinion filed).

The cases cited by libelant do not seem to conflict. The case of Gowanus Storage Co., Inc., v. U. S. Shipping Board (D. C.) 271 F. 528, seems rather to sustain the decision here. The mere fact that it refers to a separable contract is not applicable to the allegations of this libel.

The case of The Thomas P. Beal (D. C.) 295 F. 877, was based on a contract the very opposite of the contract here. There the court held the contract was essentially maritime with incidental nonmaritime matters.

The case of Dominion Combing Mills v. Canadian Railway Co. (D. C.) 300 F. 992, sets forth an action based on a contract to ship goods across the ocean from England to Canada, and there is indication that the goods were damaged by reason of "heavy weather" at sea. It does not seem to me that this decision was intended to change or modify in any way the established rule laid down by the authorities.

[4] Accordingly, I sustain the exceptions and dismiss the libel on the ground that the allegations of the libel and complaint show no jurisdiction in a court of admiralty.