## KLOSTERS REDERI AKTIESELSKAB v. AMTORG TRADING CORPORATION et al.

District Court, S. D. New York.
Feb. 27, 1934.

Haight, Smith, Griffin & Deming, of New York City, for libellant.

Simpson, Thacher & Bartlett, of New York City, for respondent Amtorg Trading Corporation.

Lynch & Hagen, of New York City, for respondent White Sea Pulpwood Corporation.

BONDY, District Judge.

The contract of sale by the respondent, Amtorg Trading Corporation, to the White Sea Pulpwood Corporation, provided not only for a sale at a specified price, but also for the discharge of the cargo by the White Sea Pulpwood Corporation at an average of not less than 500 cords for each weather working day, lay days to commence when vessel is in berth designated by the White Sea Pulpwood Corporation. It further provided that the buyer shall pay to the seller demurrage to which the vessel is entitled but at not more than a certain rate.

A contract to unload a vessel is maritime in its nature. See Netherlands American Steam Navigation Co. v. Gallagher (C. C. A.) 282 F. 171, 181; The Thomas P. Beal (D. C.) 295 F. 877; Terminal Shipping Co. v. Hamberg (D. C.) 222 F. 1020.

This maritime obligation contained in the contract of sale can be enforced in admiralty. See Compagnie Francaise de Navigation a Vapeur v. Bonnasse (C. C. A.) 19 F.(2d) 777; The Thomas P. Beal (D. C.) 295 F. 877; Gowanus Storage Co., Inc. v. U. S. Shipping Board Emergency Fleet Corp. (D. C.) 271 F. 528.

The exceptions to the petition to implead the White Sea Pulpwood Corporation accordingly are overruled.