## THE MANAGUA.

### GARCIA et al. v. GARCIA et al.

District Court, S. D. New York.

Dec. 23, 1941.

382

Renato C. Giallorenzi, of New York City, for libellant.

Bigham, Englar, Jones & Houston, of New York City (James W. Ryan, of New York City, of counsel), for respondents.

BRIGHT, District Judge.

■ It is settled that in order to confer jurisdiction upon this court in admiralty, the subject matter must be wholly maritime. If a cause involves both maritime and nonmaritime, this court is precluded, with certain exceptions, which do not seem to me to be material here. The Ada, 2 Cir., 250 F. 194; Pillsbury Flour Mills Co. v. Interlake Steamship Co., 2 Cir., 40 F.2d 439, certiorari denied 282 U.S. 845, 51 S. Ct. 24, 75 L.Ed. 750; United Fruit Co. v. United States Shipping Board Marine Fleet Corp., D.C., 42 F.2d 222–224; El Oriente, D.C., 5 F.2d 251–253; The Red Wing, D.C., 10 F.2d 389.

■ I think the libel here must be dismissed for the reason that the subject matter of the action is not one of a maritime nature. It is clear that it is brought to set aside the sale of four steamships which at the time of the sale were the property of the partnership of L. & A. Garcia y Compania. It is alleged that these vessels were wrongfully, improperly and illegally sold to the respondent Guasch, by the surviving partner of that partnership, with full knowledge in Guasch of the fact that the vessels were partnership property and could not be disposed of by one partner. It is further alleged that thereafter Guasch wrongfully, improperly and illegally sold the same to the respondent A. Garcia y Compania Limitada. It clearly involves a partnership dispute cognizable in equity, and not in admiralty. The claim that the suit is one on a petitory, possessory and licitation cause of action cannot be sustained by an examination of the libel. Clearly, the main purpose is to settle a partnership dispute and after that is settled, the relief demanded contemplates the delivery of possession of the ships to the partnership, and if that cannot be accomplished, a partition and sale of the same. Weinberg v. A Cargo of Mineral Phosphate, D.C., 15 F. 285; Chirurg v. Knickerbocker Steam Towage Co. D.C., 174 F. 188–191; The John Jay, Fed.Cas. No. 7,352.

■ The suggestion made upon the argument that this court should take jurisdiction of the action, even though only aliens are involved, cannot be sustained. All of the parties to the action are without the jurisdiction of this court, and there is nothing in the subject matter which would give jurisdiction were the court inclined to assume it.

The libel is dismissed and the monition quashed and the ship "Managua" released from the custody of the Marshal.