CENTRAL R. CO. OF NEW JERSEY v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Second Circuit. December 5, 1893.)

1. NAVIGABLE WATERS—OBSTRUCTION BY RAILROAD DRAWBRIDGE—SIGNALS.
    A railroad company, in maintaining a drawbridge over navigable waters, must exercise reasonable care, not only not to impede the safe

navigation of passing vessels, but to obviate any unnecessary delay thereto.

**2.** SAME—NEGLIGENCE—INJURY TO PASSING VESSELS.

Where the opening of a railroad drawbridge is so unreasonably delayed, after proper signals. that a signaling tug, with her tow, is unable to make the passage with safety, and in attempting to pass through, in the exercise of the best judgment and proper diligence of those navigating her, the tow is injured by collision with the bridge, the railroad company is liable.

Appeal from the District Court of the United States for the Southern District of New York.

In Admiralty. Libel by the Pennsylvania Railroad Company against the Central Railroad Company of New Jersey to recover damages for the collision of a scow with a bridge abutment. Decree for libelant. Respondent appeals. 59 Fed. 190, affirmed.

George Holmes, for appellant.

Charles Hough, for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. In disposing of this appeal, we do not find it necessary to pass upon the question of the competency of the evidence received in the court below respecting the signal codes, or regulations adopted by other railway companies operating drawbridges in the vicinity of the appellant's bridge. It was the duty of the appellant, in exercising its right to maintain a drawbridge over navigable waters, to respect the rights of the public, and in this behalf to exercise reasonable care, not only not to impede the safe navigation of passing vessels, but also to obviate any unnecessary delay to such vessels. Wiggins v. Boddington, 3 Car. & P. 544. It is manifest that this duty cannot be properly discharged, in view of the character of the water way, and the extent of the commerce upon it, without employing and enforcing a system of signals by which approaching vessels can be informed, when at a safe distance from the bridge, whether they are at liberty to proceed, or whether they must maneuver for delay. In the present case, those in charge of the tug navigated her with all reasonable care, supposing, as they had a right to, that the draw would be opened seasonably to permit the tug and her tow to pass. When it became apparent that the draw was not to be opened, the tug stopped. Incumbered as she was with a heavy tow, and encountering the force of the tide, she was in an embarrassing situation when the draw began to open. There was danger that the tow would have been set by the tide against the east pier if the vessels had attempted to take the easterly passage. The pilot of the tug, in the exercise of his best judgment, took the westerly passage. We cannot find upon the evidence that he erred in doing so. Notwithstanding the exercise of proper diligence in trying to pass through the draw, the tow was brought in contact with the end of the central abutment, and sustained the injuries for which damages were awarded by the decree appealed from. We conclude that there was no fault on the part of the tug or of the

libelant's tow, and that the appellant is responsible for the injuries to the tow because of its neglect to seasonably open the draw, or to notify the vessels that it did not intend to do so when they were sufficiently far away to permit them to adopt proper precautions for their own safety. The decree is affirmed, with costs.