DERBY v. STATEN ISLAND RAPID TRANSIT RY. CO. et al.   DALY v.
STATEN ISLAND RAPID TRANSIT RY. CO.   DAILEY v. STATEN
ISLAND RAPID TRANSIT RY. CO. et al.

(District Court, E. D. New York.  June 18, 1918.)

NAVIGABLE WATERS ☞20(5)—BRIDGES—INJURY TO VESSELS FROM OPERATION
OF DRAW.

    A railroad company, operating a drawbridge across Arthur Kill, *held* in fault for a collision between barges in tow and the bridge on a night when the bridge lights could be seen only a short distance, where the tug signaled for opening the draw when a mile distant and at intervals thereafter without answer until so close that it could not turn in time to avoid collision.

In Admiralty.  Suits by Michael J. Derby and by Stewart J. Dailey against the Staten Island Rapid Transit Railway Company and the Lehigh Valley Transportation Company, and by Bartle Daly against the Staten Island Rapid Transit Railway Company.  Decree for libelants against the Railway Company.

Herbert Green and Leo J. Curren, both of New York City, for libelants Derby and Daly.

Macklin, Brown & Purdy and Pierre M. Brown, all of New York City, for libelant Dailey.

Cravath & Henderson and Lyle H. Hall, all of New York City, for Staten Island Rapid Transit Ry. Co.

Harrington, Bigham & Englar and T. Catesby Jones, all of New York City, for Lehigh Valley Transp. Co.

GARVIN, District Judge.  Three cases have been tried together. They arise from an accident occurring early February 1, 1917, when a tow of loaded coal boats swung around and collided with a drawbridge of the Staten Island Rapid Transit Railway Company, which connects Staten Island with New Jersey.

The tug Mahanoy, owned by the Lehigh Valley Transportation Company, with a tow loaded with coal, was coming through Arthur Kill, bound for New York, from Perth Amboy, N. J.  The weather, if not actually foggy, was far from clear, and lights could not be distinguished for any great distance.  The Mahanoy, proceeding east,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the direction of the bridge, upon reaching Buckwheat Island, about a mile from the bridge, according to credible testimony which 1 believe, blew four whistles, to indicate an intention to go through the draw. According to the pilot, no reply was received from the bridge. When he first blew the whistle, he could see no lights on the bridge; he continued on his course, slowing down and blowing four whistles at intervals without receiving any reply. Finally, when the lights of the bridge came in sight, through the haze, his whistles were then answered by the bridge. He saw that the draw was closed, and that he would not be able to take his tow through. Whereupon he turned toward the Jersey shore, apparently as quickly as he could, but was unable to make the turn safely, and a part of the tow crashed into the bridge. Two boats were injured as a result, the Michael J. Derby, owned by Michael J. Derby, and the Clara B. Follette, owned by Stewart J. Dailey, and a third boat, the Columbia, owned by Bartle Daly, was injured, when the tow was swung around by the turning of the Mahanoy toward the Jersey shore. Each of the owners has brought an action, and each is now seeking to hold the Staten Island Rapid Transit Railway Company and the Lehigh Valley Transportation Company for the damage which his boat has sustained.

Considerable testimony was introduced to explain why the draw was closed. It appears that a freight train had stopped on the bridge, and that as soon as the engineer in charge of the bridge heard the four whistles of the tug, according to his testimony, he gave two whistles in reply, then blew an alarm, indicating that the bridge was closed. In view of the fact that the night was cloudy and a boat might approach the bridge without being able to see that it was closed, it was the duty of the engineer, upon finding that the bridge could not be opened for several minutes, to exercise greater care than usual. Under these circumstances, I am of the opinion that the Staten Island Rapid Transit Railway Company was at fault. The Lehigh Valley Transportation Company was not negligent. The authorities amply justify these conclusions. Dillon v. Pennsylvania R. R. Co. No. 32 and Staten Island Rapid Transit Co. (E. D. N. Y. Dec. 23, 1915), oral opinion; McCaffrey's Sons v. Staten Island Rapid Transit Ry. Co. and Lehigh Valley Railroad Co. (S. D. N. Y. Jan. 21, 1916), 256 Fed. ——.

In Clement v. Metropolitan West Side E. Ry. Co., 123 Fed. 271, 59 C. C. A. 289, it was held:

"A bridge spanning a navigable river is an obstruction to navigation, tolerated because of necessity and convenience to commerce upon land. Such a structure must be so maintained and operated, that navigation may not be impeded more than is absolutely necessary; the right of navigation being paramount. It is incumbent upon the owner that the bridge be so constructed that it may be readily opened to admit the passage of craft, and maintained in suitable condition thereto. It is also his duty to place in charge those who are competent to operate the bridge, to watch for signals, and to open the bridge for the passage of vessels, and for the performance of such delegated duty he is responsible. It is also his duty to equip the bridge with proper lights, giving warning of the position of the bridge and of its opening and closing. If for any reason the bridge cannot be opened, proper signals should be given to that effect, such as will warn the approaching vessel in time to heave to. A vessel, having given proper signal to open

the bridge and prudently proceeding under slow speed, has, in the absence of proper warning, the right to assume that the bridge will be timely opened for passage. She is not bound to heave to until the bridge has been swung or raised and locked, and to critically examine the situation before proceeding (City of Chicago v. Mullen, 54 C. C. A. 94, 116 Fed. 292), but may carefully proceed at slow speed upon the assumption that the bridge will open in response to the signal, and may so proceed until such time as it appears by proper warning, or in reasonable view of the situation, that the bridge will not be opened (Manistee Lumber Company v. City of Chicago [D. C.] 44 Fed. 87; Central Railroad Company of New Jersey v. Pennsylvania Railroad Company, 8 C. C. A. 86, 59 Fed. 192), when it becomes the duty of the vessel, if possible, to stop, and, if necessary, to go astern."

Decree accordingly, in each case.