### EUREKA TOWING LINE, Inc., v. CITY OF NEW YORK et al.

(District Court, E. D. New York. September 18, 1922.)

**Admiralty ⬅50—Party held properly impleaded in suit for injury to vessel striking drawbridge.**

In a suit against a city for injury to a tug by striking against a drawbridge maintained by the city, which failed to open on the tug's signal, a third party, whose negligence, as alleged by the city, was the direct cause of the failure of the draw to open and of the injury to the tug, *held* properly impleaded.

In Admiralty. Suit by the Eureka Towing Line, Inc., owner of the tug Crescent, against the City of New York, with the Interborough Rapid Transit Company impleaded. On exceptions of Interborough Company to petition of respondent City. Overruled.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Foley & Martin, of New York City (George V. A. McCloskey, of New York City, of counsel), for libelant.

John P. O'Brien, of New York City, for city of New York.

James L. Quackenbush, of New York City (Albert J. Kenyon, of New York City, of counsel), for defendant Interborough Rapid Transit Company.

GARVIN, District Judge. Exceptions of the Interborough Rapid Transit Company to the petition of the city of New York in this action have come on to be heard. The libelant owns the steam tug Crescent, which was proceeding west through the Harlem River, bound for Shadyside, N. J. In the neighborhood of the bridge at Broadway over the Harlem Ship Canal, the tug blew the customary signals and stopped her engines as she approached the bridge, which was then closed. The bridge failed to open; the tug was unable to stop, was carried into the bridge by the tide, and was damaged. An action in admiralty was brought by the owner of the tug against the city of New York, alleging negligence on the part of the city in various particulars.

The petition of the city, by which the Interborough Rapid Transit Company is sought to be made a party, sets forth that, when the tug first blew a whistle signal to open the bridge, a bell signal was given to the tower of the Interborough Rapid Transit Company, whence the power for the opening of the bridge is supplied; that, after receiving the power from the Interborough Rapid Transit Company, the engineer of the bridge drew the wedges, which, under ordinary conditions, should lift the lift rails at the same time. The bridge did not open, however, and it was found that the lift rails on the lower deck had fused, thus locking the bridge fast. This fusing was caused by a stray current crossing the bridge and using the rails as a conductor, instead of passing through the return cables of the Interborough Rapid Transit Company laid under water. The petitioner then goes on to allege that the bridge did not open because of the negligence of the Interborough Rapid Transit Company in permitting the condition of the bridge to become and remain defective, and in failing to provide proper and sufficient return cables to take care of all return currents in connection with the operation of the company's trains over the bridge.

The Interborough Company urges that the rights of the city against the company, if any, are nonmaritime in their nature, and that consequently the court has no jurisdiction to enforce them in this action, citing Johnson v. Chicago Elevator Co., 119 U. S. 388, 7 Sup. Ct. 254, 30 L. Ed. 447, and The John C. Sweeney (D. C.) 55 Fed. 540. Neither case is authority for the proposition that an injury received by a vessel on navigable water gives rise to a cause of action of which an admiralty court has no jurisdiction. In the Johnson Case, supra, the substance and consummation of the wrong took place on land; in the Sweeney Case, supra, it was held that the damage occurred on land, and that hence admiralty had no jurisdiction.

The Interborough Company relies upon Aktieselskabet Fido v. Lloyd Braziliero, 283 Fed. 62, recently decided by the Circuit Court of Appeals for this circuit, but there the facts were quite different. A third party was sought to be impleaded, because it was claimed that it had

failed to discharge its obligations under a contract which it had with a party alleged to be liable for damages sustained. In the case at bar the city claims that the negligence of the Interborough Company was directly and primarily responsible for the damage to the tug. Under such circumstances, the Interborough Company is properly impleaded.

The courts have frequently held that one maintaining a drawbridge over navigable waters is bound to exercise reasonable care not to impede the safe navigation of vessels passing through, nor to occasion any delay to such vessels. C. R. R. of N. J. v. Penn. R. R. Co., 59 Fed. 192, 8 C. C. A. 86; Clement v. Met. West Side El. Ry. Co., 123 Fed. 271, 59 C. C. A. 289. While it may be that the Interborough Company did not actually maintain the drawbridge, it certainly had to do in some way with its operation, and if, in so doing, a tug on navigable water, being without fault, is injured, the company must respond in damages.

The exceptions are overruled.